NEW-YORK,
May, 1834.

Sayles
v.
Smith.

---

## Sayles vs. Smith.

All acts in the transaction of business done on *Sunday*, are as valid as if done on any other day of the week, unless *prohibited* by common law or statute.

The proceedings in a *statute foreclosure of a mortgage* are not void, because the day of sale specified in the advertisement happens on a *Sunday*. It is competent, however, to the mortgagee, after the institution of the proceedings, and before the day of sale, to postpone the sale to a subsequent day, without affecting the regularity of the proceedings.

A sale on *Sunday*, under such proceedings, *it seems*, is not prohibted by statute.

A party admitting the title to land to be in another, and agreeing to purchase, is *estopped* from setting up title in himself under a deed which he had held for six years previous to such admission; and such estoppel extends to all claiming under him.

This was an action of ejectment, tried at the Madison circuit in September, 1831, before the Hon. NATHAN WILLIAMS, one of the circuit judges.

The plaintiff proved that the defendant, *Horace Smith* at the time of the commencement of this suit, was in possession of the premises in question, claiming to hold as the assignee of his father, *Sheldon Smith*, an insolvent debtor; and that Sheldon Smith had admitted by *parol* that the premises belonged to one *John Bradley*, from whom he had agreed to

NEW-YORK, purchase the same at the time that Bradley took his deed from
May, 1834. *John Mattison.* The plaintiff produced the deed of the pre-
Sayles mises in question from Mattison to Bradley, bearing date 2d
v. June, 1820 ; and also gave evidence of a judgment in favor
Smith. of himself, and another against Mattison, docketed 14th Octo-
ber, 1819, and of an execution and sale by virtue of such
judgment, and produced the sheriff's deed to him of the prem-
ises in question, bearing date 30th June, 1830. The defendant
then read in evidence a deed of the premises in question, ex-
ecuted by Mattison to *Sheldon Smith,* on the 14th February,
1814; this evidence was received by the judge, although ob-
jected to by the plaintiff. The plaintiff thereupon proved
that Sheldon Smith, on receiving the deed, executed to Matti-
son a mortgage of the same premises, to secure the purchase
money ; that the equity of redemption was foreclosed by a
*statute foreclosure,* and the premises sold, and a deed, by virtue
of such foreclosure, executed on the 21st February, 1820, *to*
the purchaser, who on the same day conveyed the premises
to Mattison. In the advertisement of the foreclosure of the
mortgage, it was stated that the premises would be sold on the
*twentieth* day of February ; and it being discovered that the
day would happen on a *Sunday,* a postponement of the sale
until the *twenty-first* day of February was duly published on
the *fourteenth* day of February. The defendant insisted that
the premises having been advertised to be sold on a *Sunday,*
the proceedings of foreclosure were void, and moved that the
plaintiff be nonsuited; which motion was granted by the
judge. The plaintiff now asked that the nonsuit be set aside.

*J. A. Spencer,* for the plaintiff.

*D. Cady,* for the defendant.

*By the Court,* SAVAGE, Ch. J. There are two points in this
case made by the plaintiff: 1. That as both parties claimed
title from Mattison, the defendant, through Bradley, whose
tenant he was, and with whom he entered into a contract to
purchase, at the time when Bradley took a deed from Matti-
son, the defendant was estopped from denying that the title

was in Mattison when he conveyed to Bradley; 2. That the foreclosure of Sheldon Smith's mortgage was regular, and revested the title in Mattison.

1. The defendant stands in no better situation than Sheldon Smith; and he could not deny the title of Bradley, who purchased of Mattison on the 2d June, 1820. At that time he admitted the title in Bradley, as derived from Mattison; yet he now pretends that at that very time, and for six years before, he was and had been the owner himself. If he had then the title it was his duty to have asserted it, instead of admitting it in Mattison; he was estopped from setting up his own title afterwards. This is not like the case of *Jackson* v. *Spear*, 7 Wendell, 401. There is no pretence of mistake or imposition in this case. In that case the defendant, when he made the admission of the plaintiff's title, made no claim himself to the lot; but there were conflicting claimants, and after agreeing to purchase of the plaintiff, he became satisfied that the other claimant had the better title, and purchased of him. This case is not at all like that; the title now set up is much older than the conveyance from Mattison to Bradley; Sheldon Smith did not pretend ignorance of it when the admission was made, and there is no pretence that any imposition was practised.

But if the defendant was at liberty to impeach the title which he had admitted, with a full knowledge of all his rights, still I think he must fail as he cannot avail himself of any defect in the notice of sale. The day appointed in the notice first published was *Sunday*. It is asserted that a sale on that day would be void, and therefore it is argued the notice was void. I cannot admit the assertion or the consequence. All acts and transactions are lawful, done on the Sabbath, unless prohibited, either by the common law or by statute. All judicial proceedings are prohibited on Sunday by the common law. The act of 1813, for the suppression of immorality, which was in force when the foreclosure took place, prohibits travelling, servile labor, and working, amusements of various kinds, and the exposure for sale of any wares, merchandize, goods or chattels, with certain exceptions of small meat, milk,

and fish, before nine o'clock in the morning. In so far as the transaction of business on the Sabbath is in itself immoral, the permitted sales and purchases are just as immoral as those which are prohibited. Business transactions, therefore, which are void on Sunday, are void not because they are immoral *per se*, but because they are prohibited by law. If the sale of real estate was prohibited on Sunday, it would be unlawful to sell, according to the notice given in the case before us. The proceeding to effect a statute foreclosure of a mortgage is certainly not a judicial proceeding. It is not prohibited by the statute of 1813, nor by any other that I am aware of; and if the act is not prohibited, it is lawful, however improper it may be as a violation of decorum and religious duty.

Again; even if the sale on Sunday would be void, it does not necessarily follow that the notice would be void. It is not necessary that the sale should take place on the day mentioned in the notice; the party instituting the proceedings has a right to postpone the sale; he is expressly authorized so to do by the revised statutes, and it was so held under the former act, in which there was no express provision to that effect, *Jackson* v. *Clark*, 7 Johns. R. 225; where it is also said that the six months notice is not solely for the purpose of giving notoriety as to the time and place of sale, but to enable the mortgagor to raise the money. It had been contended by counsel in that case that if there could be any postponement, it must be for six months; but the court did not assent to it, and gave the answer to the argument as above stated.

On both grounds I am of opinion that a new trial should be granted.