6 W   139
20 SC  298

## Clark *against* Caldwell.

The contracts of an habitual drunkard, made after inquisition found, and before its confirmation, are void.

ERROR to the common pleas of *Cumberland* county.

Action of debt.    James Clark against Samuel Caldwell.    On the 19th of September 1831, an inquisition found that Samuel Caldwell was an habitual drunkard; it was filed on the 22d of September 1831.    On the 15th of November 1831, a traverse was entered to the finding of the inquest, upon which an issue was joined. On the 20th of August 1833, the finding of the inquest was confirmed, and trustees appointed.    The question in this case was, whether the plaintiff was entitled to recover upon a note of the defendant, dated the 23d of May 1832, a period between the finding of the inquisition and its confirmation.

The court below (Reed, president) instructed the jury that the plaintiff was not entitled to recover.    Verdict accordingly.

*Biddle* and *Penrose*, for plaintiff in error, cited *the Act of* 1819; *Purd. Dig. of* 1830, 222; 2 *Law Lib.* 7, 80, 83.

*Watts*, for defendant in error, relied upon the positive provision of the act of assembly, that a drunkard can make no contract after the finding of the inquisition.

PER CURIAM.—Whatever may have been the law in cases of lunacy at the time of this transaction, the act of 1819 is too explicit in this particular to admit of interpretation: it expressly avoids a drunkard's contracts, made after the finding of the inquisition. But the inquisition is said not to be found, in contemplation of law, before its final confirmation, where a traverse has been taken. That construction, would accord with neither technical nor popular meaning; for the finding, which is the business of the inquest, is, in the apprehension of all men, a very different thing from the confirmation which follows a traverse, and is the business of the court. The law would be of little avail, if the estate were subjected to the drunkard's power, perhaps, for years during the pendency of the contest.    The legislature intended to apply a prompt and an effectual remedy, instead of coming to the rescue, when the mischief had been done; and it, therefore, explicitly provided, that the disability incurred by the inquisition, should not be suspended during a traverse.

Judgment affirmed.