By the Court, Bronson, J.
The offer to show, by parol evidence, what the parties intended by the deed, or the reservation which it contains, was properly overruled. After ascertaining the existing state of things at the time the deed was executed, the instrument must be left to speak for itself. We cannot give any effect to what the parties may have said at the time, by way of enlarging the operation of the deed, without, in effect, allowing the instrument to be contradicted by parol, and saying that the title to real estate may pass without writing.
Evidence was also offered to show, that the plaintiff stood by and not only saw the defendant buy of others, but advised him to do so, without disclosing the title which he now sets up. This evidence was also properly rejected. The plaintiff is not estopped, in a court of law, to assert his title. The case is not like Sayles v. Smith, (12 Wend. 57,) to which we have been referred. If the defendant finds it necessary to rely upon this part of his case, he must go into a court of equity.
But I think the judge erred in the construction which he put upon the deed. Let us see what was the existing state of things at the time the conveyance was made, and concerning which the parties must be supposed to speak. The plaintiff owned the entire interest in the two parcels of land, subject only to a right of dower in Charity Covert, which Was an estate for her life in an undivided third of the property. The question is, how much did the plaintiff intend to alien ? Did he intend to part with all his interest, or only two-thifds of it? I think he intended to grant all his interest; or, in other words, the entire estate, subject to the right of dower, which was not his to sell. If the intention had been to grant only two-thirds of the estate, as the plaintiff now contends, the granting part of the deed would probably have contained some such *20 words as these—“ two equal undivided third parts of the. following parcels of land,” &c., instead of commencing with words covering the whole estate, and then ending with a reservation of one third of it. But we must look a little more closely to the reservation. • “ Reserving the equal undivided one-third part of above described premises”—If the clause had stopped here, there would have been a plain exception of onéthird of the thing granted, and it would be difficult to resist the plaintiff’s claim. But we are not at liberty to take one-half of the clause, and reject the residue. We must read, and, if possible, give effect to every word which it contains. The remaining part of the clause points directly to the right of dower, as the subject" which the parties had in mind-—reserving one-third' of the premises “ that is covered by the dower right of Charity Covert.” Looking at the entire clause, I am unable to- resist the conclusion, that the plaintiff intended to convey the whole estate, subject to the existing right of dower. It requires but a very slight change in the phraseology to make the matter quite plain. The plaintiff says by the deed, “I grant the two parcels of land, ‘reserving’ ”•—excepting, or subject to—“ the dower right of Charity Covert,” which covers “ the equal undivided one-third part of above described premises.” If the plaintiff intended to reserve one third of the estate to himself, why did he mention Charity Covert, or her right of dower 1 I do not see what answer can be given to the question. In truth, the plaintiff is driven to the necessity of taking one half of the clause, and rejecting the residue, before he can make out his case. We think he is not at liberty to do - so, and that upon the true construction of the deed, the plaintiff has parted with the entire estate which he had in the land. The verdict must therefore be set aside.
New trial granted.