DOLLY LADD *v.* BENONI LADD.

Ladd
*v.*
Ladd

Where a person, seized of lands, for the consideration of one dollar and for
love and affection, executed a deed conveying the lands to his brother,
and afterwards delivered the deed to a third person to be by him kept un-
til after the grantor's death, and then to be delivered to the grantee, and
the grantor retained possession of the lands during his life, and after the
death of the grantor the deed was delivered to the grantee, and a part of
the lands so deeded were afterwards set off to the widow of the grantor,
under an order of the probate court, as her dower in the real estate of the
grantor; *it was held* that such deed did not operate to convey the lands,
so as to deprive the widow of her dower therein.

EJECTMENT, to recover the seizin and possession of a
parcel of land in Benson, containing about one hundred
acres. Plea, not guilty. Issue to the country.

On the trial in the county court, the title of Peré G. Ladd,
late of said Benson, deceased, to the land in question, was
admitted, and it was also admitted that the plaintiff was the
widow of the said Peré G. Ladd. The plaintiff then intro-
duced certified copies of the records of the probate court for
the district of Fairhaven, showing the probate of the last
will of the said Peré G. Ladd, at a probate court held on
the second day of May, 1838; her waiver of its provisions
in her favor, agreeably to the statute; her demand of dower;
the order of the probate court appointing a committee to
set out her dower; the return of the committee upon said
order, dated April 2, 1839, and its acceptance by the pro-
bate court. It appeared, from the return of the committee,
that the premises described in the plaintiff's declaration
were set out to her as and for dower in the estate of her hus-
band, the said Peré G. Ladd, together with other premises.

The defendant then offered in evidence a deed, duly ex-
ecuted, acknowledged, and recorded, from the said Peré G.
Ladd to the defendant, dated November 29th, 1837, (con-
veying, for the consideration of love and affection and also of
one dollar,) the land in question, together with other lands,
to the defendant. The defendant was a brother of the said
Peré G., deceased.

The plaintiff then offered evidence tending to show that
the said Peré G. Ladd made his last will and executed the
said deed on the same day, to wit, the 29th day of Novem-

ber, 1837 ; but that the deed was signed, sealed, and acknowledged subsequently to the making of the will; that the said Peré G. Ladd retained the deed in his possession for a few weeks and then delivered it to John Kellogg, one of the witnesses thereto, and the executor of his last will, to keep in trust for the defendant and deliver it to him after the decease of the said Peré G. Ladd, when called for by the defendant, and not to deliver it until after the decease of said Peré G. Ladd ; that, on this occasion, the said Kellogg executed a receipt therefor, of the same date with the deed, of the following tenor :  " Received from Peré G. Ladd a deed ' executed by him to Benoni Ladd, quit-claiming to said ' Benoni four hundred and fifty acres, more or less, of land, ' (being the home farm of the said Peré G., as he calls it,) ' dated November, 29th, 1837, to keep in trust for said Be- ' noni, and I am to deliver the same to said Benoni, after the ' decease, of said Peré G. when called for by him ; " that, at the time of the delivery of said deed to said Kellogg, the said Peré G. expressed his anxiety to said Kellogg to have the business done in such a manner as would give effect to the deed, and that after the decease of the said Pere G., which occurred on the 23d day of March, 1838, the said Kellogg delivered the said deed to the defendant.

The lands described in said deed were also devised to the defendant, by the said Pere G., in his last will and testament.

The court decided, and so charged the jury, that the delivery of said deed did not take effect until after the death of the said Pere G. Ladd, so as to defeat the plaintiff's right of dower in the premises so conveyed ; and that the plaintiff, as his widow, was entitled to dower therein as assigned to her by the probate court.

Under this decision and charge of the county court, the jury found a verdict for the plaintiff, and the defendant excepted.

*E. N. Briggs* and *L. C. Kellogg*, for defendant.

Was the plaintiff entitled to dower in the real estate described in Pere G. Ladd's deed to defendant, dated 29th November, 1837 ?

If the plaintiff was not entitled to dower in the real estate

conveyed by that deed, the assignment of the land in question, as dower, by the probate court, can have no effect. *Sumner* v. *Parker*, 7 Mass. R. 79. *Hendrick & wife* v. *Cleveland*, 2 Vt. R. 338.

I. We contend that the deed in question was a valid conveyance of the estate therein described, and made a good title in the defendant. 1. The deed was duly executed, acknowledged and recorded as required by statute. 2. It was executed upon a consideration both *valuable* and *good.* 3. There was a sufficient delivery to the defendant, the deed having been delivered to John Kellogg in trust for him, and that trust subsequently duly executed.

II. We contend that the deed took effect, and that the conveyance was complete, on the day of the date of the deed, by the delivery by the grantor, to John Kellogg, in trust, for the grantee. And the subsequent delivery to the defendant has relation back to that time.

It appears that Pere G. Ladd delivered the deed to John Kellogg as ' his, the grantor's deed' with the condition only that it was not to be delivered to defendant until after the death of the grantor; no other condition being annexed to the delivery.

When a deed is executed without the knowledge of the grantee, the law will presume his assent to receive it; and it will be good until his dissent is shown. In this case the grantee signified his assent by accepting the deed.

The delivery of a deed, duly executed, transfers the property and vests the property in the grantee without possession being given. In the case of *Wheelwright* v. *Wheelwright*, 2 Mass. R. 447, the deed was made by the grantor and delivered to a third person, with directions to him to keep the deed until the decease of the grantor, and then to deliver it to the grantee, the grantor intending to retain possession until his death. It was held that the deed took effect at the time of the delivery to the third person, and, upon full consideration, was held valid, so as to deprive the heir in tail of the estate so conveyed.

In *Belden* v. *Carter*, 4 Day, 166, the grantor executed a deed and delivered it to a third party saying ' take these ' deeds and keep them and if I never call for them deliver ' one to Parmelia and one to Noble after my death. If I call

'for them deliver them up to me.' And, notwithstanding this reservation, the court held that the deed took effect at the time of the delivery to the third person. Swift's Digest, 124. 1 Shep. Touch. 57. *Jones* v. *Jones*, 6 Conn. R. recognises the case of *Belden* v. *Carter*. *Souverbye* v. *Arden*, 1 Johns. Ch. R. 240. *Stewart* v. *Stewart* in 5 Conn. R. 317, is a case in every respect like the present; and an authority directly in point.

If the delivery of a deed be to a third person for the use of the grantee, though such third person be not the agent of the grantee, and the grantee does not know of the existence of the deed until after the death of the grantor, the deed is a good conveyance, and takes effect from the delivery to the third person. 4 Kent's Com. 455, and note. *Bushell* v. *Pasmore*, 6 Mod. R. 217.

In *Hatch et al.* v. *Hatch et al.* 9 Mass. R. 296, it was decided that the deed was delivered, and took effect upon a delivery to a third person, although not to be delivered to the grantee until the death of the grantor. *Gurrows* v. *Knight*, 5 Barn. & C. 671, and authorities cited. (12 C. L. R. 351.) *Lloyd* v. *Bennett*, 8 Carr. & P. 124, (34 C. L. R. 322.) 8. D. & R. 348.

III. In the case of *Lindsay* v. *Lindsay*, 11 Vt. R. 626, the court say, 'the delivery of a deed, either as an escrow or absolutely, is an act including intent.' There can be no doubt what the intent of the grantor was in this case; the case finds, that, at the time of the delivery of the deed to Kellogg, he expressed his anxiety that it should have effect as a deed, and that he delivered it to the grantee without any power to retake it. The grantor only retained possession, the title passed to the grantee unconditionally.

IV. If the delivery of the deed is treated in the nature of an escrow, it would be good to effect the conveyance.

The delivery often has relation to the time it is delivered to the stranger or third person. 4 Kent's Com. 454. Swift's Digest, 179.

V. Is any different rule to obtain to favor an estate in dower? The widow of a deceased person is entitled to dower of one third part of the real estate of which such deceased person died seized in his own right. Dower, in this state, only attaches upon the decease of the husband,

and any deed, conveying the title of land, executed by the husband, will deprive the widow of dower, in the estate so conveyed. *Stewart* v. *Stewart*, 5 Conn. R. before cited.

VI. The deed is not to be treated as testamentary, unless it should become necessary so to treat it, to carry out the intention of the grantor, and to do substantial justice.

Justice does not, in this case, require it, and the grantor intended to avoid the effect of a devise by making the deed.

RUTLAND,
February,
1842.

Ladd
*v.*
Ladd.

*R. Pierpoint* and *S. Foot*, for the plaintiff.

1. It is essential to the validity of a deed that it be *delivered*, and that there be an acceptance of it, either express or implied. And it is equally essential, to constitute a perfect and absolute delivery, that the grantor part with all control over the deed. These rules are undisputed, and too familiar to require discussion. Shep. Touch. 58. 10 Mass. 56. id. 456. 1 Johns. Cases, 81. id. 85. id. 114. 6 Cowen, 617. 12 Johns. R. 140. id. 418. 1 Johns. Ch. R. 240. id. 417. 12 Wendell, 105. 20 id. 44. 1 Pr. Wms. 577. 2 id. 358. 12 E. C. L. R. 351.

2. It is said that the deed takes effect by *relation* from the first delivery. This doctrine of relation is a mere fiction of the law, and is allowed only in cases of necessity, *ut res valeat*, to avoid injury to the operation of the deed from events happening between the first and second delivery. 4 Kent's Comm. 454. 1 Johns. Ch. R. 288. 10 E. C. L. R. 93. In *Johnson* v. *Smith*, 2 Burr. 950, Lord Mansfield lays down the true principle applicable to this case. He says, 'the court would not endure that a mere form or 'fiction of law, introduced for the sake of justice, should 'work a wrong, contrary to the real truth and substance of 'the thing.' See 3 Cowen, 75 ; 2 Johns. R. 510 ; 15 id. 309 ; 2 East, 256 ; 12 Johnson, R. 140 ; 4 id. 234 ; 2 id. 520.

And this doctrine of relation is held applicable only as between the parties to the deed. It is never adopted when strangers or third persons, not parties or privies, will be prejudiced. 12 Johns. R. 140. 4 id. 234. 3 Caines' R. 263.

Last of all, then, will courts of justice resort to this legal fiction to the prejudice of a right so strongly favored as that

of dower has always been at common law and by statutory provisions.

3. A deed, or other instrument, made with a view to the disposition of the grantor's estate, after his decease, is to be considered only in the character of a testamentary devise. Pow. on Dev. 13. Sugden on Powers, 220. 4 Day, 66. 1 Mod. 117. 1 Ch. Cases, 248. In the well considered case of *Habergham* v. *Vincent*, 2 Ves. Jr. 204, Justice Buller says, ' that an instrument in any form, whether a deed ' poll, or an indenture, if the obvious purpose is not to take ' place till after the death of the person making it, shall ' operate as a will.'

The case presents the important fact, in this connection, that it was the intention of Pere G. Ladd to make a testamentary disposition of his estate ; that he executed a will on the same day of the execution of the deed, purporting to convey by devise, to the defendant, among other things, the same premises described in the deed. The two acts were concurrent, having the same parties, and embracing the same subject matter, so far as the premises in question are concerned. They are to be taken and construed together. The same intention is manifest in both, and both equally inoperative during the life of the testator. In short, they are to be treated as one instrument. *Raymond* v. *Roberts*, 2 Aik. 204. 15 Johns. R. 458.

Dower is considered to be a continuation of the husband's estate, Reeve's, Dom. Rel. 56, and vests *instanter* upon his death, and no other right can intervene.

This deed is void, as being a fraud upon the widow's rights.

4. Dower is a right highly favored in law. It is not only a civil, but a moral right. 1 Cruise's Dig. 62. 2 Pr. Wms. 702. 5 Johns. Ch. R. 481.

Title to dower attaches upon marriage. It is inchoate during coverture, and consummate upon the death of the husband. It is a right founded in the highest sense of propriety and justice, in consideration of the disabilities imposed upon the wife. She can acquire no property of her own during coverture, and whatever she may receive by gift or inheritance, vests in the husband. Besides, her own labor may be regarded as contributing to the accumulation

of the estate.   With what propriety, then, can it be said that this right, during coverture, is a mere *nonentity* upon which no fraud can be committed ?   The sentiment is more worthy of the code of Draco than of the jurisprudence of an enlightened age.

It is a right which cannot be barred except by provision which shall at least be equivalent to dower, as by a jointure, &c.

A right to dower is paramount to the right of heirs or creditors, *Colden* v. *Bull*, 2 Root, 50 ; and is so treated by our own statute.   It cannot be contended that the deed in this case would be valid as against creditors, and, if not, then, *a fortiori*, it is void, as against the claim to dower, which is the stronger right.

The doctrine that one shall not do that indirectly which he cannot do directly, is peculiarly applicable to the present case.   If a man cannot defeat his wife of dower by will, by what rule of law or of ethics can he do it by *deed, to take effect and to pass the estate in futuro, upon his demise,* in the same manner as a will !

The statute law of this state, giving the husband authority to deed his lands without the wife's joining in the conveyance, and endowing her only of the lands of which he dies seized, is an innovation upon the common law and to be strictly construed.   Our courts of justice will, indeed, be slow to cut down the guards and muniments which the legislation and jurisprudence, the custom and sanction of ages, have thrown around this favored right.

The opinion of the court was delivered by

ROYCE, J.—The whole case turns upon the validity of the deed from Pere G. Ladd to the defendant, as against the plaintiff's right of dower.   Several grounds have been taken in the argument against the sufficiency of that deed to defeat the plaintiff's title, but since we regard the question upon the delivery of the deed as decisive, it will be unnecessary to discuss the other points made.

Every deed of conveyance takes effect from its delivery, and, consequently, until that event, it cannot operate to pass the estate.   In this case the deed was signed, sealed, and acknowledged by the grantor, and by him placed in the

hands of Kellogg, with instructions to keep the same until after the grantor's death, and then to deliver it to the defendant, but not before. It was kept and delivered according to those instructions; and the question is, at what time did this deed take effect, so as to pass the estate?

An obvious distinction exists between the case of delivering a deed to a third person without restrictions, and simply for the use of the grantee, and a delivery to such third person upon some condition, or with restrictions. In the former case the depositary will be deemed a trustee or agent for the grantee alone; and, as the assent of the grantee will be presumed until he dissents, the deed takes full effect between the parties immediately. But in the latter case the operation of the deed is usually suspended until the condition is performed, or the restriction removed. In the mean time the estate remains in the grantor. This is always the result of such a delivery, provided the condition or restriction is one which the grantor had a right to impose, at the time he undertook to impose it. And he may generally impose such conditions or restrictions as he thinks fit, so long as nothing has transpired which the law will regard as an effective delivery of the deed. It has, indeed, been held that a deliberate declaration of the grantor, that he executes and delivers the instrument *as his deed*, may amount to a legal delivery, so that conditions afterwards imposed will be unauthorized, and not binding upon the depositary. Such a rule, however, is not satisfied by the mere execution and acknowledgement of a deed in the usual manner, the grantee not being present, nor any one authorized by him to accept the deed, but requires some express declaration, indicating an intention, on the part of the grantor, that the instrument shall take immediate effect as a deed, or at least importing a waiver of all right or design to control its operation.

The present case is silent as to any expressed intent of the grantor at the time of executing the deed. He kept it several weeks, and then delivered it to the depositary with the directions already stated. We are not at liberty to assume, that any other act towards a delivery of the deed took place during the grantor's life; nor is any purpose of his to be inferred, except such as this act and these instructions had a natural tendency to show. It is true that

Kellogg professed. to assume the custody of the deed as a trustee for the defendant. This was expressed in the receipt which he gave for it, and must have been known to the grantor. But since he acted solely at the request and by the direction of the grantor, and not in virtue of any authority derived from the defendant, the character in which he undertook to hold the deed could not abrogate the instructions under which he received it. The case is, therefore, to be classed with those where the grantor rightfully imposes a condition, or restriction, which has the effect to postpone the final delivery and effectual operation of the deed. It follows from what has been said that this estate did not *actually* pass from the grantor during his life, and that he *in fact* died seized of the land in question.

We have now to inquire whether this result should be controlled and altered by any legal intendment, or artificial construction. The complete delivery of a deed is not only essential to give it force and operation as a deed, but it is also required that the delivery should be made *by the grantor*, and *to the grantee*; though each is at liberty to act in person, or by an agent. The transaction must be such, that, in its legal operation, the interest to be conveyed shall pass at once from the grantor to the grantee. This necessarily involves the proposition, that when the transmission of the estate takes place, (and this occurs upon the effectual delivery of the deed,) both parties must be in life, and that the grantor, at least, must be *sui juris*, and capable of making a proper delivery of his deed. It is, therefore, a settled rule, when a deed is first delivered to a stranger, to await the happening of some future event, and then to be delivered to the grantee, that if the parties are alive when the event happens, and the grantor is then competent to make such a conveyance, the second or final delivery is alone regarded, and the deed commences its operation after the happening of the event which authorized such final delivery. But cases sometimes occur where the parties to the deed do not remain in life, and competent to act. The grantee may have died before the event happened which suspended the operation of the deed; the grantor may have died, as in this instance, or may have become incapacitated to act. Justice may nevertheless require that the deed should be sustained. This will

RUTLAND!
*February,*
1842.

Ladd
*v.*
Ladd.

depend upon the motive or consideration of the conveyance, the interests of others, not parties to the deed, being at the same time duly regarded. Now as the ancestor is fully empowered by law to defeat his heirs by a will, it has been uniformly considered that they have no rights to interpose against the operation of such a deed, even though it be voluntary. It is but allowing the grantor to accomplish in one way, what he had an absolute and undisputed right to effect in another. In such a case the courts will, therefore, uphold the deed, by giving the ultimate delivery a relation back to the time of the first. By a legal fiction they will suppose the deed actually and fully delivered at the outset, because the conveyance must otherwise fail.

The question then arises, whether, as against the widow, justice requires that a voluntary conveyance, like the present, should be supported by the aid of fiction,—a legal intendment, contrary to the truth of the case. There is, as we think, a manifest difference between those considerations of equity and merit, which a sense of moral justice will generally suggest in behalf of a widow, and such as usually apply to heirs. We therefore feel at liberty to refuse that artificial construction against her right, which we might be compelled to adopt against the claim of an heir. And the same conclusion would seem to be justified by the single fact that the husband is disabled, in law, to defeat the right of dower by a will, whilst he can by that means effectually destroy the right of inheritance.

It might be added that Pere G. Ladd, the grantor, having already devised this estate to the defendant, evidently designed the deed in question to operate as a confirmation of his will. It would probably have been viewed in the light of a testamentary disposition, had the testator seen fit to revoke his will, and to give this property a different destination. If regarded in that light, it must at once yield to the widow's right of dower. We deem it sufficient, however, to rest our decision upon the ground that the estate did not pass by the deed, for want of a legal delivery, until the right of dower had attached.

Judgment affirmed.