## BIXLER v. GILLELAND.

Defendant in ejectment, under a rule of court, filed an abstract of title, which referred to articles for the sale of the land by the plaintiff, evidence of payment of the purchase money, possession, and a sheriff's sale under a judgment against the vendee; these facts having been proved in defence, the plaintiff gave in evidence a commission, under which he was found an habitual drunkard, returned prior to his purchase and sale, and thirteen years prior to the sheriff's sale, which commission had been superseded on plaintiff's petition three days prior to said sale. Proof that plaintiff attended at and encouraged the purchase at the sheriff's sale, is proper as rebutting testimony.

It seems that under these facts the plaintiff could not recover. Per Burnside, J.

In error from the Common Pleas of Fayette county.

*Oct.* 29. A few facts in addition to those stated by his honour, (Burnside, J.,) are all that it is deemed proper to mention here.

The articles between Gilleland and Grove were dated in the Feb. preceding the date of the deed to Gilleland.

In the petition of the plaintiff below, for a supersedeas of the commission, it is stated, that the trustees never acted, and that since February, 1842, he had been a reformed and sober man ; in proof of which, he produced certificates of divers persons.

The abstract of title, referred to by the learned judge as having been filed in the cause, mentioned the articles between Gilleland and Grove ; the fact of payment of the purchase money and possession by Grove; the judgment against him, and the sheriff's sale thereunder to the defendant's landlord.

The deposition of Boyd, referred to by the judge, stated the settlement to have been in the fall of 1840 ; that Grove proved " receipts and book accounts which were made for the payment of the land ;" the rents were not estimated—and " that the settlement was agreeable to both parties."

The rejection of the evidence, and the charge of the court, set out at length in the opinion of the court here, were the errors assigned.

*Howell* and *Dawson*, for plaintiff in error.—The relevancy and importance of the evidence offered cannot be questioned. Fonb. Eq. ch. 3, sec. 4, p. 163; 2 Vern. 150; 12 Wend. 57; 13 Serg. & Rawle, 304, 306; 7 Watts, 163, 168; 2 Barr, 107. As to the objection, that it was not rebutting, it is plainly a mistake. The plaintiff had given rebutting evidence to destroy the effect of our evidence, showing a regularly deduced title. To destroy the effect of this rebutting evidence, and to sustain an originally proved title, the evidence offered was direct, and, under the authorities cited above, conclusive. 2 McC. 161. The rule of court does not require a specification of rebutting *facts*. How is it possible for a defendant to foresee more than the evidence in chief which he means to rely on? He cannot foretell by what means that may be affected, and, of course, he cannot foreknow how he will meet the new case of the plaintiff.

*Veech*, contrà.

*Dec.* 23. BURNSIDE, J.—On the trial of this ejectment in the Common Pleas, Gilleland, the plaintiff, showed title in Henry Sprinkle, and then gave evidence, that Michael Sprinkle and Jacob Sprinkle, his devisees, on the 29th October, 1831, conveyed to him the premises in question.

The defendants admitted they were in possession, and gave in evidence an article of agreement for the sale of the premises, by Gilleland to one Grove, for the consideration of $600. William Boyd's deposition was then read: he proved that he and another were called on to settle the accounts between Grove and Gilleland; that it appeared that Grove had fully paid for the purchase of the land, and had overpaid the purchase money $10. The defendant further gave in evidence, judgment No. 157, June Term, 1842, Elias Parshall *v.* Parry Grove; judgment 6th April, 1842, Debt, $444; *fi. fa.* No. 272, June Term, 1842, returned, levied on the land in dispute; *vend. ex.* returned sold the 16th March, 1843, to Elias Parshall, jun., sheriff's deed poll duly acknowledged 29th March, 1843. Defendant then proved, that Parry Grove had the land in possession at the time of his purchase from Gilleland, and retained that possession until Parshall bought it at sheriff's sale.

The plaintiff, Gilleland, then gave in evidence, record No. 9, October Term, 1829, of the Common Pleas; a proceeding to in-

quire and establish him an habitual drunkard; inquisition, 30th June, 1829, confirmed 26th October, same year, and Elias Parshall and George Poundstone appointed committee; March Term, 1843, application by John Gilleland to have the commission superseded; 18th March, 1843, all proceedings against Gilleland superseded by the court.

The defendants then offered to prove, that at the sale of this property by the sheriff, as the property of Parry Grove, to Elias Parshall, jun., the plaintiff, Gilleland, stood by and encouraged the said Parshall to purchase the property. To this evidence, the plaintiff's counsel objected:

1. Because it was not rebutting; and 2. Because it was not in defendants' abstract of title. The court sustained the objections, and this forms the first error complained of.

The law certainly is, that where a person stands by at a sheriff's sale of his property, and encourages another to purchase and omits to give notice of his claim, he will be postponed. 13 Serg. & Rawle, 306; 12 Wend. 57; 2 McCord's Rep. 160. To us it appears, that this evidence was clearly rebutting. How did the defendant know that the plaintiff would rely on the proceedings in the Common Pleas, declaring him an habitual drunkard? The rules of court are made to facilitate the administration of justice, not to entangle it in technical objections. A defendant, under a proper construction of the rule which requires him to deliver an abstract of his title, cannot anticipate every point which may arise in the cause. He certainly is not to set out all his parol evidence, nor the evidence to rebut every possible point that may arise on the trial, as the rules are made to further the administration of justice. We dislike interfering with the Common Pleas in the construction of their own rules, and only do so where the construction is too narrow and works injustice. We think, in this case, the evidence should have been received.

1. The defendant's counsel requested the court to instruct the jury, that if they find that John Gilleland, the plaintiff, had purchased the property after he was duly declared an habitual drunkard, that his power to sell the same would not be impaired under the act.

2. If John Gilleland was incapable of selling, he was incapable of buying, and that the title of the purchaser shown having accrued subsequently to the finding of the inquisition and confirmation, under the act conferred no title; and, therefore, the plaintiff cannot recover.

To the first point, the court answered: We cannot instruct you as requested. The inquisition and confirmation finding the plaintiff

an habitual drunkard, affects his capacity to dispose of after-acquired property as much as property then in possession.

The court cannot instruct the jury as requested in defendant's second point. Although the plaintiff was not capable of making any contract of purchase binding on him, yet he had capacity to take as an infant or *feme covert,* and the title to the land in dispute is regularly vested in him by conveyance of the Sprinkles, and it matters not whether there ever was a contract prior to the deed or not.

Both these answers are assigned for error. I will consider them together. As abstract propositions, I do not think they are subject to objection. But as this case goes back to be tried again, it may be of moment to present the manner it ought to be presented to the jury; the counsel not having done it at the trial. It is true that this court settled, in Clark *v.* Caldwell, 6 Watts, 139, 140, that contracts of an habitual drunkard, made after inquisition found and before its confirmation, are void. This, on the authority of the act of Assembly, which was intended for the protection of the estate and property of the unfortunate drunkard after inquisition found pending a traverse or contest before confirmation. I am not to be understood as impairing the authority of that case. But this case is very different. Here the inquisition was confirmed on the 26th October, 1829. The commissioners never acted, never gave bond, nor took upon themselves the trust. Gilleland, so far as the case shows, acts as if no proceeding had been had against him. He buys and sells this real estate. His friends proceed no further to perfect the proceedings against him. The record shows no act from October, 1829, to March Term, 1843, a period over thirteen years, when he applies and has the whole proceeding superseded. He bought the property in question in 1831. The same year he sells it to Parry Grove, and subsequently receives the whole purchase money from Grove. After this, Grove, who resided on the land both before and in pursuance of his purchase, becomes indebted, and the property is levied on and sold as the estate of Grove by the sheriff. Gilleland attends the sale, makes no objection, but it is said encouraged the sale. This was on the 16th March, 1843; three days before this, on the 13th March, 1843, the "commission, inquisition, and all proceedings thereon superseded and determined by the court." The deed is acknowledged on the 29th March without objection. The purchaser pays his money. If these are the facts of the case, and the records and evidence show them, why should the defendant lose the land? For my part, I have no idea of an imperfect proceeding for thirteen years, the committee never acting, the family

and friends of the drunkard permitting him to buy and sell real estate ; that he shall, on such a plea, and such a plea only, recover the property he bought and sold, and was paid for. It would be such a fraud that no court could for a moment tolerate.

The judgment is reversed, and a *venire facias de novo* awarded.