<hr />

## JOHN MILLER *v.* FREDERICK ROESSLER.

The sale of a horse on Sunday is not void, unless it appear affirmatively that the animal was publicly exposed for sale in violation of the statute. (2 R. S. 4th ed. p. 83, art. 8, tit. 8, chap. 20, part 1.)

Where a statute is pleaded to defeat a common law right, the facts rendering the statute applicable must be distinctly proved, and not left to mere inference.

THIS was an appeal by the defendant from a judgment against him for the price of a horse. The principal ground of defence was, that the sale was made on Sunday. It appeared that the bargain was concluded on that day, in a drug store,

but there was no evidence that the horse was shown at the time of the sale. The parties would seem to have driven the horse on the day of the bargain, but no testimony was offered as to the object of the drive, nor that the same was accompanied, or immediately followed, by any negotiation.

*Francis S. Stallknecht*, for the defendant, cited 2 R. S. 4th ed. p. 83, §§ 66 and 67; *Boynton* v. *Page*, 13 Wend. 425.

*James McGay*, for the plaintiff, cited *Swan* v. *Broome*, 1 Black. 496; *Comyers* v. *Boyer*, Cro. Eliz. 485; Cro. Jac. 59; *Boynton* v. *Page, supra.*

By THE COURT. INGRAHAM, FIRST J.—Upon all the points submitted by the appellant, except the first, it is sufficient to say, that they apply to the facts of the case; as to which the testimony is such that the finding of the court below is conclusive.

The first point is, whether the contract is void because it was made on Sunday. The mere making a bargain on Sunday, however much it may violate the moral law, is not prohibited by statute in this state, and was not void at common law. In *Boynton* v. *Page*, 13 Wend. 425, Judge SUTHER-LAND says, the statute has no reference to private contracts which are made without violating, or tending to produce a violation, of the public order and solemnity of the day. Various cases are cited by the court in that case, which it is unnecessary to repeat here, excepting the case of *Drury* v. *Defontaine*, 1 Taunt. 131, which very nearly resembles this, and in which it was held that the sale of a horse on Sunday, by private contract, was not prohibited, and, therefore, was not void. (See, also, *Strong* v. *Elliott*, 8 Cowen, 27; 12 Wend. 57.)

Neither the sale or delivery appears to have been in any public place, nor was the horse exposed publicly for the sale. Unless this was done, the contract is not affected by the provisions of the statute.

The fact of the parties having driven the horse before they made a bargain, but on the same day, does not alter the case. There is no evidence that this was done, even for the purpose of trying the horse, preparatory to the bargain, nor that any negotiation was then on foot for the purpose.

Where parties wish to bring a case within a statutory prohibition, they should produce satisfactory evidence that the facts are such as to make the statute applicable, and not leave to mere inference what should be established by proof, where the intent is to take away a common law right.

Judgment affirmed.