THOMAS RUSSELL *vs.* ANNA RUSSELL and others.

50b 445
52ad 99

Where a deed, executed by the grantor to his brother, was given in contemplation of an arrangement which was afterwards voluntarily abandoned by the parties, but being left with the grantor's counsel, was, without ever having been delivered, or any consideration paid, put on record by him by mistake, and the widow and heirs of the grantee, after his death, insisted that the deed was valid, and claimed to hold the premises under and by virtue thereof; *Held* that such claim was most inequitable, and the deed was declared null and void, and an entry directed to be made upon the record, stating that such deed was annulled by the judgment of the court.

THIS was an action brought against the widow (who was also the administratrix) and heirs of Thomas Russell, deceased, to have a deed, executed by the plaintiff to the said Thomas, declared null and void and the registry canceled. The plaintiff alleged in the complaint that on the 17th day of August, 1866, and prior thereto he was the owner in fee of certain premises therein described, situate on the corner of Thirteenth street and Eighth avenue, in the city of New York. That on or about that day the plaintiff entered into negotiations with his brother, Joseph Russell, to sell to him the said premises. That pending the negotiations with his said brother, he and his wife executed a deed of the premises in which his said brother was named as grantee, and left the same with his counsel, Henry P. Townsend, Esq., who was to draw all the papers between the plaintiff and his said brother. That he never delivered nor caused the said deed to be delivered to said Joseph Russell ; but that Townsend by mistake, supposing that the arrangement between the plaintiff and said Joseph Russell was concluded, and was to be carried out, caused the said deed to be recorded. That the said deed was dated the 17th day of August, 1861, was made by Thomas Russell, the plaintiff, and his wife to the said Joseph Russell, and was recorded in the office of the register of the city and county of New York, in liber 847 of conveyances, page 91, on the 24th day of August, 1861. That before any final agreement and ar-

rangement was concluded between him and the said Joseph
Russell, the whole matter fell through, and all intention to
carry it out was given up.   That at no time before, during,
or after the said negotiations between him and the said
Joseph Russell were any papers passed between them, or
delivered by either of them to the other, nor was any consid-
eration paid by said Joseph Russell to the plaintiff, of any
kind or character for any purchase of said premises, or upon,
or for said deed.   That the said Joseph Russell never claim-
ed any interest in the premises by, or under said deed, or
otherwise ; that he always particularly disclaimed any inter-
est in said premises up to the time of his decease ; and
directed a deed to be drawn for him and his wife to exe-
cute, reconveying the said premises to the plaintiff, which
deed his sicknees and subsequent death prevented him from
executing.   That before the execution of the deed first above
mentioned by the plaintiff, and his wife, the plaintiff was in
the possession of, and was the sole owner of the premises
mentioned therein ; and that he has thence always been and
now is in the sole and uninterrupted possession of said prem-
ises ; that said Joseph Russell never at any time, in any
manner or form, was seised, in possession, or had control
thereof.   That the said Joseph Russell died intestate, on or
about the 11th day of June, 1865, leaving a widow, Anna
Russell, and two infant children, to wit, Charles W. Russell
and Joseph F. Russell, both under the age of fourteen years.
The plaintiff further alleged that although the said deed
never was delivered to said Joseph Russell, and was improp-
erly, and by mistake and error, recorded as aforesaid, and
never did vest any title in said Joseph Russell, and does not
vest any title whatever in his said widow and children, still
the same remains of record ; and is a cloud upon the plain-
tiff's title in and to said premises.

He therefore demanded the judgment of the court that
the said deed be declared null and void, and of no effect as
against the title of the plaintiff to said premises, and that

the register of the city and county of New York write upon, or opposite the record of said deed that the said deed is annulled by the judgment of this court. And for other and further relief.

The defendant, Anna Russell, the widow and administratrix of Joseph Russell, in her answer alleged : That her husband, when he died, was seised and possessed in entirety of the lands and premises mentioned and described in the complaint ; and that his title and interest in the same appeared of record in the office of the register of the city and county of New York, and has been so for a long time, and no proceedings have been, or were taken by said plaintiff, or any one else to impair, impeach or affect such seisin, right, title and interest, during the lifetime of said Joseph Russell. That said Joseph Russell having died as aforesaid, said piece or parcel of land descended and passed by inheritance in fee simple absolute, to the two children of said Joseph Russell, who now so own the same, subject only to the dower therein of their mother, the widow of said Joseph Russell. She denies each and every allegation in the complaint contained, inconsistent with the foregoing statements and allegations and not therein specifically admitted or denied. And the defendant for a further and separate answer alleged that said plaintiff had not legal capacity to sue in this action, and had no seisin or interest in fee or agreement therefor as required by law, in the piece or parcel of land in said complaint mentioned, nor can any claim or charge of fraud upon said Joseph Russell in his lifetime, or upon any of the defendants, nor any other wrongful act be made or asserted in respect to the acquisition of the title of said parcel of land. Wherefore she claims that the complaint be dismissed, with costs.

The infant defendants, by their guardian *ad litem*, put in an answer alleging that they were the only heirs at law of Joseph Russell, and were the sole and only owners of the parcel of land mentioned and described in the complaint,

subject only to the dower right of their mother, the said defendant Anna Russell ; and they denied each and every allegation in said complaint contained inconsistent with the facts above alleged.

*S. Sanxay,* for the defendants.

CLERKE, J. It is very clear that the deed, given by Thomas Russell to his brother Joseph, was given in contemplation of an arrangement abandoned willingly by both parties. The deed was put on record by mistake of the attorney ; the property which it purported to convey was never claimed ·by Joseph Russell ; but, on the contrary, repeatedly after the recording of the deed, within, I think, a short time before his death, he declared that the property belonged to his brother Thomas. The attempt of the defendant to retain the property, under such circumstances, is most inequitable.

Judgment for the plaintiff in conformity with the prayer of the complaint, with costs.

[NEW YORK SPECIAL TERM, October 22 1867.  *Clerke,* Justice.]