## NEWTON v. NEWTON.

(Supreme Court, Appellate Division, Fourth Department. May 22, 1900.)

1. DELIVERY OF DEED—ACCEPTANCE OF SUBSEQUENT DEED—SUFFICIENCY OF FACTS.

Plaintiff's husband, in furtherance of a plan for the disposition of his property at death, executed several deeds, in which plaintiff joined, which were left in escrow, to be delivered on his death, one of which was a deed to defendant, decedent's son. Deceased afterwards recalled the deeds. Plaintiff testified that she gave the deed in question to defendant in December, 1892, on his representation that his father desired it, to compare with a map. Defendant testified that the deed was delivered to him by his father as a gift of the land, and corroborating testimony was given. On January 12, 1893, deceased, in plaintiff's presence, and in the presence of defendant, executed deeds to his property, to be delivered on his death, one of which conveyed part of the land included in the former deed to the wife, and another deed conveyed other property to the son. The son accepted the latter deed. *Held*, that the former deed to the son should be set aside.

2. SAME—MENTAL CONDITION OF DECEDENT.

A finding by a referee that decedent had forgotten that he had conveyed certain lands in a former deed at the time he executed a later deed of the same premises will not be sustained when there is no evidence that the mind of decedent was impaired.

Appeal from special term, Chautauqua county.

Action by Emeline Newton against Robert L. Newton to set aside a deed held by the latter. From a judgment in favor of defendant, plaintiff appeals. Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

George E. Towne and W. S. Thrasher, for appellant.
A. C. Wade, for respondent.

LAUGHLIN, J. The action was brought to set aside a deed bearing date the 1st day of May, 1891, of 220 acres of land in the county of Chautauqua, made by the plaintiff and her husband, Henry J. Newton, since deceased, to the defendant, the son of Henry J. Newton, but left in escrow, with two other deeds, executed at the same time, the contents of which were not shown by the evidence, to be delivered on the death of the husband. The deeds were subsequently recalled from escrow by said Henry J. Newton with the intention of making some changes therein, and they remained in his possession for a period of a year or a year and a half. About the middle of December, 1892, the deed in question came into the possession of the defendant. The plaintiff testified that she delivered it to the defendant on his representation that her husband desired it for the purpose of comparing it with a map. The defendant called his son-in-law, Dr. Nash, and George P. Newton as witnesses. The former testified that at the house of the decedent, about the middle of December, 1892, decedent produced this deed, and handed it to the defendant, saying, "There was a deed of a portion of the property that he intended to give him." The other witness corroborated this incident, and stated that decedent said, "It was a deed he had promised him [referring to the defendant], and for him to bring up Sackett, and he would make out some more, as he had promised." Defendant denied

that he received the deed from plaintiff as stated by her, and testi-fied that he received it from his father. Decedent lived at Silver Creek, and was in feeble condition physically, and had not been out of his house for some weeks prior to the 12th of January, 1893. Mr. Sackett resided at Irving, about three miles distant. Subsequently, and several days prior to the date last given, defendant brought Sackett to the decedent's house, where he remained for an hour or two, conversing with the decedent, in the presence of defendant, about the changes he intended to make in the disposition of his property. A map of Cattaraugus village was needed. This was obtained, and Sackett returned, with the defendant, on the 12th of January, 1893, and prepared three deeds, one of which, running to the defendant, was executed by the decedent and plaintiff. Another ran to the plaintiff, and was executed by her husband alone. The third is not material to the questions under consideration. These three deeds were executed and acknowledged on the 13th of January, 1893. The deed to plaintiff embraced 50 acres of land, which had been included in the deed of May 1, 1891, to the defendant. The deed to the de-fendant, executed at this time, did not include the premises deeded to the plaintiff, but by express provision referred to the deed to her, and excluded the premises embraced therein. These three deeds were then left in escrow, to be delivered upon the death of the de-cedent, which occurred on the 5th day of March, 1894. The defend-ant retained possession of the deed of May 1, 1891, and caused it to be recorded on the 23d day of November, 1893. The plaintiff's testi-mony, while not very clear, indicated that she understood that the prior deeds were to be destroyed when the deeds of January 12, 1893, were executed. She testified that she destroyed two of them at that time; that she inquired for the third, and defendant said he had it in his pocket, and that his father told him to take it, and destroy it. Defendant denied this testimony given by his stepmother, and claimed to be ignorant of the contents of the deeds executed on January 12, 1893, but he understood that one of them ran to him. The defendant claims title under both deeds. He obtained the deed of January 12th running to him four or five days after his father's death, and then became aware of its contents, and caused it to be recorded on the 7th day of April, 1894. The deed to the plaintiff had been recorded on the 27th day of the month preceding. The referee found that the deed of May 1, 1891, was delivered to the de-fendant in the month of December, 1892, and that it was a gift to him from his father; as was also the deed of January 12, 1893. He also found that at the time of executing the deeds of January 12, 1893, the decedent had forgotten that he had conveyed the said 50 acres to the defendant by the prior deed. There is no evidence that the mental faculties of the decedent were in any manner impaired, and we are of the opinion that this conclusion of the learned referee was erroneous. While the decedent may have handed the first deed to the defendant on the occasion alluded to by the witnesses, three or four weeks prior to January 12, 1893, it quite clearly appears, and by a fair preponderance of the evidence, that this was not intended as, and did not constitute, a legal delivery to pass title to the prem-ises described therein. The decision of the referee would be more

satisfactory had he made findings on the other material questions of fact in the case which were controverted. He has found as a conclusion of law, not merely that the plaintiff acquired no interest under the deed from her husband, but that she has no title or interest in the premises. This would bar any claim for dower therein. If the defendant obtained the deed from her on false representations, as she testifies, then a subsequent delivery by his father to him, without her consent, could not cut off her dower interest in the premises, inasmuch as she had executed the deed merely for the purpose of delivery upon the death of her husband, and evidently as part of a scheme, subsequently changed, by which he was disposing of his property, and she was receiving some corresponding benefit or equivalent for her dower interest. Simar v. Canaday, 53 N. Y. 298; Jackson v. Rowland, 6 Wend. 666; Artcher v. Whalen, 1 Wend. 179; Pendleton v. Hughes, 65 Barb. 136; Green v. Putnam, 1 Barb. 504; Clark v. Gifford, 10 Wend. 310; Jackson v. Catlin, 2 Johns. 259; Brown v. Starke, 3 Dana, 316; Ladd v. Ladd, 14 Vt. 185; Leland's Appeal, 13 Pa. St. 84; Russell v. Russell, 50 Barb. 445.

The equity of this case as presented by the record is with the plaintiff, and the decision works an injustice to her. It is manifest that she joined in the deed of January 12, 1893, to the defendant, which embraced a large tract of land not covered by the former deed to him, thereby cutting off her dower interest therein, on the understanding and entertaining the belief that she was to receive, by the deed to her, good title to the 50 acres. The defendant cannot be permitted to accept and enjoy the fruits of her deed, executed under such circumstances, and at the same time claim the 50 acres under the prior deed to him, which she understood was to be destroyed, or was superseded by the proceedings of January 12, 1893. Aside from any question of fact, it may be observed, without deciding the point, for the reason that it has not been fully argued, and may not be properly presented by the pleadings, that there is room for serious contention that the defendant, by accepting the deed of January 12, 1893, recording the same with full knowledge of its contents, and claiming possession and title thereunder, is estopped, by the express reference therein to the deed of the 50 acres, made at the same time to the plaintiff, from claiming title to said 50 acres under the former deed of May 1, 1891. Sayles v. Smith, 12 Wend. 57; Jackson v. Ireland, 3 Wend. 99; Jackson v. Parkhurst, 9 Wend. 209; Denn v. Cornell, 3 Johns. Cas. 174; Sinclair v. Jackson, 8 Cow. 43; Chloupek v. Perotka, 89 Wis. 551, 62 N. W. 537; Sepulveda v. Sepulveda, 77 Cal. 605, 20 Pac. 145; Orthwein v. Thomas, 127 Ill. 554, 21 N. E. 430, 4 L. R. A. 434; Bowman v. Griffith, 35 Neb. 361, 53 N. W. 140; Emeric v. Alvarado, 64 Cal. 587, 2 Pac. 418; Thompson v. Thompson, 19 Me. 235. While it is held in the case of Thompson v. Thompson, supra, that a party may accept a deed of correction embracing additional lands omitted by mistake from a former deed, and claim under both,—which doctrine appears sound,—the reasoning of the court tends to support an estoppel on facts such as are here under consideration. We are constrained to grant a new trial in this case upon the ground that the findings of the referee that the deed of May 1, 1891, was delivered by the decedent, and that when he executed the

deed of January 12, 1893, to the plaintiff, embracing the same premises, he had forgotten the delivery of the former deed, are contrary to the probabilities of the case, and against the weight of evidence. The judgment appealed from should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.