## Joyce, Appellant, vs. Conlin, Respondent.

*October 16 — November 8, 1888.*

*Trespass: Pleading: Evidence: Right of way: Removal of obstructions: Gates: Driving stakes on line of way.*

A complaint in trespass alleged no specific facts, and the defendant, who had entered the plaintiff's premises on the day before the action was commenced and had removed a gate in one place and a post in another and had driven three stakes in the ground, apparently supposed the action brought for the removal of the gate only, and justified under a right of way wrongfully obstructed by the gate. On the trial the plaintiff disclaimed recovery as to the gate, and simply proved the removal of the post and the driving of the stakes, claiming that he had placed the post as part of a fence which he intended building between his land and the defendant's. The defendant introduced evidence showing his right of way, that he removed the post as an obstruction thereto and drove the stakes to mark the line of the way. This evidence was objected to in a general way, but not on the ground that it was inadmissible under the answer. After the defendant had closed his case the plaintiff offered to show that the post was placed at the end of the right of way for the purpose of erecting a gate at that point, but the offer was rejected as coming too late. *Held:*

(1) The defendant's evidence was properly admitted.

(2) The plaintiff's offer was properly rejected, as the evidence offered as to the purpose of the post should have been given by him before resting.

(3) On the evidence the court properly directed a verdict for the defendant. He had the right to remove obstructions in the way, not placed there for some lawful purpose, and the right to set stakes marking the line of the way, if he did no unnecessary damage.

APPEAL from the Circuit Court for *Dane* County.

Action for a trespass to land. The facts are stated in the

opinion.   The plaintiff appeals from a judgment in favor
of the defendant.   .

For the appellant there were briefs by *Rogers & Hall,*
and oral argument by *F. W. Hall.*   They contended, *inter
alia,* that it was error to exclude the evidence offered to
show that the post was set for the purpose of hanging a
gate at the extremity of the private way.   The defendant
having only an easement in the land for the purpose of a
way, the plaintiff might maintain suitable gates.   *Whaley.
v. Jarrett,* 69 Wis. 613.

*John M. Olin,* for the respondent.


TAYLOR, J.   This action was commenced in a justice's
court.   The complaint was for an alleged trespass in break-
ing and entering the plaintiff's close, being a farm then in
the possession of the plaintiff in the town of York, Dane
county.   The defendant answered, setting up in substance
that the *locus in quo* was a private way two rods in width
across the north end of the plaintiff's land; and that on
June 6, 1887, the plaintiff wrongfully obstructed said road-
way by building a gate on the line of said highway, de-
scribing the place where the same was built, and that said
defendant removed the gate, doing no unnecessary damage.

This answer raised a question of title to real estate, and
the defendant gave the proper bond and the case was re-
moved for trial into the circuit court.

The facts, as shown upon the trial, were substantially
these: The defendant had a private right of way from his
land lying east of and adjoining the plaintiff's land, across
the north end of the plaintiff's land, running west to a pub-
lic highway.   This right of way was two rods in width.   A
short time before this action was commenced the plaintiff
had set a post at the east end of this private way near to or
on the line between the plaintiff's and defendant's land,
and north of the middle line of said private way.   It also

appears that before the action was commenced, and about the same time, the plaintiff built a gate across this private way, about twenty rods west of the east end of this way. It also appeared that the defendant removed the gate across the way, and pulled up the post at the east end of the way. He also stuck three small stakes on or near the south line of such way, and within the line of the way, and that these stakes were placed to indicate the south line of the way.

On the trial in the circuit court the plaintiff, in making out his case, simply proved that the defendant had pulled up the post and placed the three stakes as above stated. Plaintiff claimed that he was building a fence between his land and the land of the defendant, and placed this post as a part of such fence, and gave no evidence that he intended to use the post except as a part of his intended fence between himself and the defendant. After the defendant had closed his case, the plaintiff offered to show that this post was placed at the end of the right of way for the purpose of erecting a gate at that point. This was objected to, and excluded by the court. He also offered to prove the width of the private way as traveled at that point when the plaintiff bought the land across which the way runs. This was also excluded, and exceptions were duly taken by the plaintiff. After the evidence was closed the learned circuit judge directed a verdict for the defendant, and the plaintiff duly excepted.

Upon all the evidence in the case we think there was no error committed on the trial. It appears from the whole case that before this action was commenced the plaintiff had built a substantial gate across this private way near his own house and about twenty rods from the east end thereof, and that the defendant had thrown it down. He had also pulled up the post, and set the stakes complained of. The plaintiff testified that he commenced the action the next day after the gate was thrown down by the defendant, and

leaves it to be fairly inferred that the action was commenced to recover for the trespass in taking down the gate. The defendant had the right, therefore, to suppose that his right to take down this gate, and the right of the plaintiff to maintain a gate across the way at the place where this one had been erected, would be the controversy in the action, and he answered in that view of the case, setting up his right of way across the plaintiff's land so as to justify his removing the gate. In that view of the case, the action was of some importance to the parties. It will be seen that the plaintiff's complaint is very general and vague, but it is apparent from the answer of the defendant that he at least supposed the action was brought to recover for the destruction of the gate built by the plaintiff and destroyed by the defendant, as his answer only sets up a justification for that act, and does not mention the pulling up of the post or setting the stakes. When the trial commenced in the circuit court the plaintiff disclaimed all right to recover for the removal of the gate, and seemingly relied upon proving what was claimed to be a technical trespass on the part of the defendant in removing the post and setting the stakes above mentioned, for which he would be entitled to but nominal damages if no justification were shown. No evidence of actual damages was given by the plaintiff. The defendant was allowed by the court to introduce his evidence, showing that he was entitled to a private way over the *locus in quo*, and that he removed the post as an obstruction to said way, and placed the stakes to indicate the south line of the way. Then the plaintiff made the offers above stated to show that the post was placed where it was by him as a part of a gate to be built at that place. The court, under the circumstances, properly admitted the evidence of the defendant. It is true the plaintiff objected to it in a general way, but not upon the ground that it was not admissible under the pleadings. Had such objection

been made, it is evident that the court would, under the circumstances, have ordered the answer amended at once. It is evident that the defendant was surprised at the course taken by the plaintiff on the trial, in basing his cause of action upon matters which were not mentioned in the answer, and to which no justification had been pleaded. We think the learned circuit judge, under the circumstances attending the trial, was justified in the remark that it was too late at that stage of the trial for the plaintiff to claim that he was putting in that post for the purpose of building a gate there. If the purpose for which the post was set was any part of the plaintiff's case, he should have given evidence of such purpose as a part of his case before resting.

The defendant, having shown by his evidence that he was entitled to a way two rods in width, had the right to remove any obstruction placed within the bounds of the way, unless it were placed there for some lawful purpose. As the plaintiff left the case when he rested, it was clear that the post was not placed in the way for a lawful purpose. We are also of the opinion that the defendant had a lawful right to place stakes along the side of the way to indicate the south line of the way, and if he did so without doing any unnecessary damage to the plaintiff's grain or grass he committed no trespass.

*By the Court.*— The judgment of the circuit court is affirmed.