CHLOUPEK, Appellant, vs. PEROTKA, Respondent.

*January 15 — March 5, 1895.*

*Estoppel: Acceptance by grantee of substitute deed: Trespass against real owner: Possession: Easement.*

1. Where a grantee of land accepts a second deed which is intended as a correction of and a substitute for the former deed, he and those claiming under him are estopped, as against the grantor

and those claiming under him, from asserting title under the first deed to any of the land not included in the second deed.

2. In trespass *quare clausum* proof of actual, notorious, and exclusive possession of the *locus in quo* by the plaintiff and his ancestor for more than twenty years, if such possession was not adverse to defendant and his grantors, who were the real owners, would not establish such a right as would entitle plaintiff to recover.

3. One having merely an easement over land cannot maintain trespass for injury to or disturbance in the enjoyment thereof. *Joyce v. Conlin,* 72 Wis. 607, distinguished.

APPEAL from a judgment of the circuit court for Manitowoc county: N. S. GILSON, Circuit Judge. *Affirmed.*

This was an action of trespass for breaking and entering the plaintiff's close, namely, a strip of land one rod in width on the east side of the S. E. ¼ of the N. W. ¼ of section 15, township 20, range 23, commencing at the northeast corner of said tract, and extending south about seventy-two rods. The action originated in justice's court, from which it was removed to the circuit court by the defendant under a plea of title to the *locus in quo.* He alleged also title by adverse possession under both the ten and twenty years periods. Both parties claimed title through one Krajnik as the common source of title.

Plaintiff's title was: (1) Warranty deed from said Krajnik to Anton Chloupek, November 10, 1855, by metes and bounds, which included the premises in question, stated in the deed as "containing five acres." (2) Warranty deed from said Krajnik to said Chloupek, December 4, 1861, by metes and bounds, and it is stated therein they contain 6¼ acres, "including and embracing five acres conveyed by the grantor to the grantee" by the former deed, describing it, "which five acres were embraced in this deed for the purpose of a more convenient and definite description, the whole quantity of land described in this deed having been surveyed together by P. Brennan, late county surveyor." (3) Warranty deed from Anton Chloupek and wife to the plaintiff, January 23,

1880, for 6¼ acres, *bounded as described in the last deed.* (4) A quitclaim deed from Elizabeth Chloupek, widow of Anton Chloupek, deceased, and two of his heirs at law, to the plaintiff, he being the other of said heirs, October 28, 1892, describing the same premises described in the deed first named, dated November 10, 1855, and embracing in fact, it is said, about nineteen acres of land; and it recites. that "this deed is hereby given to correct errors and omissions and mistakes in a deed executed by Anton Chloupek and Elizabeth, his wife, dated January 23, 1880."

The defendant's chain of title is: (1) A warranty deed from Krajnik and wife to one Marish, September 15, 1865, for the entire forty, excepting therefrom the 6¼ acres conveyed by the grantors to Anton Chloupek by the said deed dated December 4, 1861. (2) A warranty deed by Marish and wife to Wenzel Marish, dated April 10, 1869, for the same forty acres, with the exception last stated. (3) A warranty deed by Wenzel Marish and wife to the defendant of the same premises, and with the same exception, dated October 6, 1883.

It was found by the court that the acts complained of as the alleged trespass were performed November 13 and 16, 1892, and consisted of entries by the defendant upon the strip of land which is parcel of the land described in said deed of November 10, 1855, but is not included in the lands described in the said deed of December 4, 1861. The court held that the deed of Krajnik and wife to Anton Chloupek, dated December 4, 1861, took the place of and was a substitute for the deed between the same parties, dated November 10, 1855, and estopped the plaintiff from claiming title to or possession of the premises in dispute.

The plaintiff asked the court to find: (1) That after the making of the deed from Krajnik and wife to Anton Chloupek of November 10, 1855, he and his legal representatives entered into the actual, notorious, and exclusive pos-

session of the premises described therein and in the complaint, and that he and his heirs at law continued in the actual, exclusive, and notorious possession thereof, and that the plaintiff was so possessed at the time of the trespass complained of; (2) that the same premises, ever since the making of said deed, November 10, 1855, and up to the time of the trespass, had been adversely held and occupied and used as a road to obtain access to other lands of the plaintiff by the said Anton Chloupek, his heirs and assigns, under claim of title exclusive of every other right. The court refused to so find, and gave judgment in favor of the defendant, from which the plaintiff appealed.

*J. S. Anderson*, for the appellant, contended, *inter alia*, that a deed properly executed, with apt descriptions of the property and free from ambiguity, passes the title to the grantee. All deeds given by the grantor to the grantee of the same lands or any part thereof are mere nullities and wholly inoperative, the title having passed by the first grant. *Evans v. Spurgin*, 6 Gratt. 107; *S. C.* 52 Am. Dec. 105; *Hunt v. Blackburn*, 128 U. S. 464; *Darling v. Butler*, 45 Fed. Rep. 335; *Isham v. Morgan*, 9 Conn. 374; *S. C.* 23 Am. Dec. 361. A grantee may fortify his title at any time by a subsequent deed from the same grantor, but he is never estopped from claiming that the title passed by the first conveyance. *Thompson v. Thompson*, 19 Me. 235; *S. C.* 36 Am. Dec. 751; *Lorain v. Hall*, 33 Pa. St. 270; *Galbreath v. Templeton*, 20 Tex. 45. There is nothing here to create an estoppel. A recital or description in a deed in order to create such estoppel must be as definite and certain as the deed itself. A mere inference will not do. Willard, Real Estate, 369; *Hays v. Askew*, 5 Jones, Law, 63; *McComb v. Gilkey*, 29 Miss. 146; *Zimmler v. San Luis W. Co.* 57 Cal. 221; *McDonald v. Lusk*, 9 Lea, 654. The rule of estoppel applies only where the grantee receives and holds possession by virtue of the conveyance from the grantor and

relies upon it as the source of his title. It does not apply
where the grantee already held under a prior and inde-
pendent conveyance. *Coakley v. Perry*, 3 Ohio St. 344.

For the respondent the cause was submitted on the brief
of *Nash & Nash*. To the point that plaintiff was estopped
by the second deed, they cited *Lowber v. Connit*, 36 Wis.
176; *Hutchinson v. C. & N. W. R. Co.* 37 id. 582; *Hubbard
v. Marshall*, 50 id. 327; *Hutchinson v. C. & N. W. R. Co.*
41 id. 541; *Bowman v. Griffith*, 35 Neb. 361; *Orthwein v.
Thomas*, 127 Ill. 554; *Emeric v. Alvarado*, 64 Cal. 529;
*Workman v. Harold*, 2 S. W. Rep. 679; *Bayley v. McCoy*, 8
Oreg. 259; *Conklin v. Smith*, 7 Ind. 107; *Douglass v. Scott*,
5 Ohio, 194; 7 Am. & Eng. Ency. of Law, 7; *Furness v.
Williams*, 11 Ill. 229; *Fitch v. Baldwin*, 17 Johns. 161; *Col-
well v. Springs Co.* 100 U. S. 55; *Jackson v. Ayers*, 14 Johns.
224.

PINNEY, J.   1. The plaintiff's claim of title is under and
in privity with that of his grantor and ancestor, Anton
Chloupek; and if the execution and acceptance of a substi-
tute deed, December 4, 1861, operated to estop Anton Chlou-
pek and those claiming under him from asserting title under
the deed of November 10, 1855, from Krajnik and wife, to
more of the premises therein described than is included in
the substitute deed, then it is clear that the plaintiff failed
to show title to the *locus in quo*, and judgment was rightly
given, as will be seen, for the defendant. Undoubtedly, the
first deed from Krajnik and wife to Anton Chloupek oper-
ated to convey to him in fee all the lands described in it, and
the legal title, it may be admitted, remained in him until it
descended on his death to his heirs at law; but he and they
may be estopped from asserting title to any of it not em-
braced in the substitute deed, as against Krajnik and his sub-
sequent grantees, immediate and remote. The grantee in a
deed poll, by accepting it, becomes bound by its terms as

Chloupek vs. Perotka.

completely and absolutely as the grantor, and it will oper-
ate as an estoppel against him by reason of its acceptance, as
fully as against his grantor. *Lowber v. Connit,* 36 Wis. 176;
*Hutchinson v. C. & N. W. R. Co.* 37 Wis. 582; *Hubbard v.
Marshall,* 50 Wis. 327; *Orthwein v. Thomas,* 127 Ill. 554;
*Bowman v. Griffith,* 35 Neb. 361. The case of *Hutchinson
v. C. & N. W. R. Co.* 41 Wis. 541, shows that there is no·
valid reason why a corrected conveyance from the grantor·
"should not have the same effect as though the correction
had been made by the judgment of a court of equity instead
of the voluntary act of the parties interested." In *Emeric·
v. Alvarado,* 64 Cal. 529, 587, where the grantees in deeds
of specific lands by metes and bounds accepted a convey-
ance of an undivided interest in a tract of land, which in
terms declared that it was in lieu of the previous deeds con-
veying such specific portions of the same land, it was held
that the grantees were estopped from claiming under the·
previous deeds, upon the ground that they could not hold
under the lieu deed and against it too; that they could not
blow hot and cold or assume inconsistent positions; and that
whether they were divested of whatever title was conveyed
by the original deeds without a reconveyance was immate-
rial. This is according to the maxim, "*Allegans contraria
non est audiendus.*" Broom, Leg. Max. 129. Anton Chlou-
pek affirmed the transaction as stated in the second or sub-
stitute deed in the most solemn manner, by conveying to·
the plaintiff, his son, the land therein described according
to the express description of that deed. The latter obtained
no title except through this deed, which did not include the·
*locus in quo,* unless he obtained it as heir at law and by the·
quitclaim deed from the other heirs of Anton Chloupek,
dated October 28, 1892; but the heirs of Anton Chloupek
came into the position or condition of their ancestor, and
were concluded by the same estoppel that bound him. The
second or substitute deed appears to have been intended as·

.a revision or correction of the former one, and to have been designed to embrace in it all the lands Krajnik intended to convey. It is immaterial that the legal title to the premises in question may have descended to the heirs of Anton Chloupek, if the second deed operates by way of estoppel, as we think it does, to prevent them from asserting title to any part of the premises described in the deed of November 10, 1855, not included in the second deed of December 4, 1861.

2. The plaintiff, in making out his case, gave evidence to show the possession and use of the strip of land constituting the *locus in quo* by Anton Chloupek and by those claiming under him, insisting upon his right to do so on the ground that he had alleged both title and possession as a basis of recovery, and the defendant insisted that evidence to prove title by adverse user or prescription was inadmissible. The plaintiff's counsel then stated: "We are not proving title. We are proving possession — that is all — under a grant. We found our claim on a grant." The court suggested that possession would be presumed to follow the legal title until the contrary was shown; whereupon the plaintiff's counsel stated he would rest, and bring in that testimony in rebuttal. The defendant did not go into the question of possession at all, and the case was closed without other proof on that subject. The evidence produced on the part of the plaintiff tended to show that the strip of land in dispute was used as a roadway, and that the plaintiff and his father had used and claimed it as such; that they claimed a right of way over it. The first request of the plaintiff was not that the court should find that the plaintiff or his ancestor had ever adversely held the premises, but that they had had the actual, sole, exclusive, and notorious possession thereof. If such possession was not adverse it would not establish such a right as would entitle him to recover in this action. The second request was to find that the land had been adversely held, occupied, and used as a road to obtain access to other

lands of the plaintiff. We think that these requests were properly refused, and that the plaintiff was rightly regarded as concluded by his disclaimer, and that he could not maintain trespass for injury to or disturbance in the enjoyment of an easement over the premises in question, if he had such. Washb. Easem. (4th ed.), 738; *Baer v. Martin*, 8 Blackf. 317; *Smith v. Wiggin*, 48 N. H. 105. Nor is the case of *Joyce v. Conlin*, 72 Wis. 607, in conflict with this conclusion. In that case it was held only that one sued in trespass for removing obstructions from a right of way could defend on the ground that they interfered with his enjoyment of the same.

Judgment was rightly given for the defendant.

*By the Court.*— The judgment of the circuit court is affirmed.