### J. W. DOTY ET AL V. H. B. BARNARD ET AL.

#### No. 676. Decided June 6, 1898.

**1. Estoppel by Acceptance of Conveyance.**

One who accepts a benefit under a conveyance must adopt the whole of it and be held to renounce every right inconsistent with its provisions. (P. 107.)

**2. Same.**

One claiming under the grantee of an assignee in bankruptcy—the records of the bankruptcy proceedings having been destroyed—accepted from the heir of the bankrupt a conveyance, "for the purpose of supplying any imperfection or deficiency in the title * * * caused by the burning * * * of the records, etc.," describing the land as the same conveyed by the assignee in bankruptcy, and giving its metes and bounds. Held, that such grantee and his privies were estopped from claiming any lands under the conveyance by the assignee in bankruptcy which were not included in the boundaries given in the subsequent conveyance by the heir. (Pp. 105-107.)

ERROR to the Court of Civil Appeals for the Fifth District, in an appeal from Johnson County.

Doty et al. sued Barnard et al. in trespass to try title and recovered judgment, which, on defendant's appeal, the Court of Civil Appeals reversed and rendered judgment for appellants. Plaintiffs, appellees, thereupon obtained writ of error.

*Davis & McCoy*, for plaintiffs in error.—The court erred in not holding that H. H. Rowland, by his acceptance of the deed from J. W. Doty and his wife, dated 26th day of June, 1885, for 266 acres, had elected to accept 266 acres described in said deed as the identical land sold by the assignee on the 17th day of May, 1869, and that it was all the land intended to be sold and conveyed by the deed of said assignee, and that Rowland and those claiming through him are estopped and should not now be heard to claim any other land under the deed from the assignee. 2 Dev. on Deeds, p. 110, sec. 840; Id., p. 129, sec. 852; Armstrong v.

Mudd, 50 Am. Dec., 546; 14 Viner's Abridgment, 49; 1 Shep. Touchstone, 250.

*English, Ewing & Walker*, for defendants in error, cited:   2 Story, Equity, 13 ed., secs. 1075, 1097, 1098; Bispham, Equity, 5 ed., secs. 295, 298, 303, 304; 34 Texas, 453; Halbert v. DeBode, 40 S. W. Rep., 1018; 28 S. W. Rep., 805; 60 Texas, 414; Thompson v. Thompson, 36 Am. Dec., 751; Flagg v. Mann, 14 Pick., 467; Small v. Procter, 15 Mass., 498; Hutchinson v. Railway, 37 Wis., 582.

BROWN, ASSOCIATE JUSTICE.—At some time prior to 1860 M. P. Ellis, being then married to Sarah Ellis, acquired 836 acres of land in the Thomas Chandler survey, situated in Johnson County.  The land was community property of Ellis and wife.

On December 26, 1862, Ellis conveyed to G. M. Pierce 250 acres by metes and bounds off of the northwest and west part of his tract, not however reaching the south boundary line of the tract.   Afterwards Ellis conveyed 320 acres of land described by metes and bounds to M. Fournoy, intending to convey that much out of his tract in the Chandler survey, but the field notes actually embraced only 256 acres of that survey, the remainder of the 320 acres extending onto an adjoining survey not owned by Ellis.   Ellis thought that he had conveyed 320 acres of the Chandler survey.

In May, 1868, Ellis voluntarily went into bankruptcy in the Circuit Court of the United States for the Western District of Texas, at Tyler, Texas.   He was duly discharged by the court.   The records of the court concerning the bankrupt estate were destroyed by fire.   G. W. Whitmore was registrar in bankruptcy for that court, and in November, 1868, conveyed to J. K. Williams as assignee all of the estate of M. P. Ellis not exempt by law from forced sale.   May 7, 1869, J. K. Williams as assignee of M. P. Ellis conveyed to Francis Odom land in the Thomas Chandler survey described as follows: "All the estate, right, title, and interest which the said M. P. Ellis had on the 29th day of May, 1868, or at any time afterwards, of, in, and to the following described premises, viz.: 266 acres of land in Johnson County, the headright of Thomas Chandler, and further described in the original schedule of said bankrupt."   This deed recites that it was made in pursuance of an order of the Circuit Court of the United States for the Western District of Texas, dated the 1st day of January, 1869.

M. P. Ellis died in 1876, leaving no children or their descendants. Sarah, his wife, survived him, and in 1880 married J. W. Doty, one of the plaintiffs.   She died in 1886, leaving plaintiffs in error her only heirs.   J. W. Doty and wife Sarah, formerly Sarah Ellis, made a quitclaim deed to H. H. Rowland, conveying by metes and bounds 266 acres of the Thomas Chandler survey, which deed does not include the land in controversy.   The deed of Doty and wife to Rowland contains the following recital: "Know all men by these presents, that we, J. W. Doty

and wife, Sarah H. Doty, formerly Sarah H. Ellis, of the county of Johnson, State of Texas, in consideration of the sum of —— dollars paid by H. H. Rowland, of the county of Smith, in said State, and for the purpose of supplying any imperfection or deficiency in the title of the said Rowland to the tract of land hereinafter described, caused by the burning and destruction by fire of the records of the Federal District Court, at Tyler, Texas, together with the records and papers in the bankrupt proceedings of Morgan P. Ellis, deceased, had in said court. Have granted, sold, and conveyed, and by these presents do grant, sell, and convey and quitclaim unto the said H. H. Rowland, of the county of Smith, and State of Texas, all that certain tract or parcel of land in said county of Johnson, part of the Thomas Chandler survey, lying about five miles west of the town of Buchanan, being 266 acres of the said survey sold by J. K. Williams as the assignee of Morgan P. Ellis, in bankruptcy, to F. Odom, by deed bearing date May 17, 1869, and recorded in book G, page 593, more particularly described as follows"—giving the field notes of the tract to which the quitclaim deed was made. The deed from Doty and wife to Rowland was dated and duly acknowledged on the 26th day of June, 1885, and recorded in the proper records of the said county on that day. It was agreed that the Circuit Court of the United States entered the order referred to by J. K. Williams in his deed, and that it was in due form and authorized the said sale. The defendants showed a regular chain of title from J. K. Williams down to them for all of the land embraced in the deed made by him.

H. H. Rowland conveyed the land in controversy to F. T. Vickers, dated March 13, 1889, duly acknowledged and recorded, and Vickers conveyed the same land to H. B. Barnard December 11, 1895, which was duly acknowledged and recorded.

H. H. Rowland conveyed to E. P. McFarlain 266 acres of the Thomas Chandler survey, described by metes and bounds, the same as the land conveyed by J. W. Doty and wife to the said Rowland. The deed from Rowland to McFarlain was dated August 31, 1885, and acknowledged and recorded in September of that year.

The case was tried before the court without a jury and judgment was rendered in favor of the plaintiffs, which judgment was by the Court of Civil Appeals reversed, and judgment rendered for the defendants in error, H. B. Barnard and F. T. Vickers.

If the deed from J. K. Williams, assignee of M. P. Ellis, to Francis Odom was not void because of uncertainty in the description of the land attempted to be conveyed, it was at least of doubtful validity. The deed from J. W. and Sarah Doty to H. H. Rowland was made to correct the defects and imperfections of the deed above referred to, and had the same effect upon the rights of the parties that a judgment of court would have had if entered at the suit of Rowland. Hutchinson v. Railway, 41 Wis., 550, 551.

By accepting the deed from Doty and wife and selling the land within a short time according to the description given in the said deed, Rowland

estopped himself to claim under the deed from Williams to Odom any land not included in the deed from Doty and wife to him. 2 Herm. on Estop. and Res Jud., sec. 1028; 2 Dev. on Deeds, sec. 850c; Chloupek v. Perotka, 89 Wis., 551; 46 Am. St. Rep., 858; Fox v. Windes, 127 Mo., 502; 48 Am. St. Rep., 648; Hutchinson v. Railway, 41 Wis., 550; Emeric v. Alvarado, 64 Cal., 587.

In Fox v. Windes, cited above, Justice Sherwood quoted approvingly from Herman on Estoppel and Res Judicata, as follows: "The doctrine of election is founded upon the principle that there is an implied condition, that he who accepts a benefit under an instrument must adopt the whole of it, conforming with all of its provisions, and renouncing every right inconsistent with them. The principle is recognized and established in this country almost precisely the same as in England, and rests upon the equitable ground that no man can be permitted to claim inconsistent rights with regard to the same subject, and that anyone who claims an interest under an instrument is bound to give full effect to that instrument as far as he can. A person can not accept and reject the same instrument, or, having availed himself of it as to part, defeat its provisions in any other part; and this applies to deeds, wills, and all other instruments whatsoever." This reasonable and just rule applies with full force to the present case. The recitals in the deed from Doty and wife to Rowland constitute a clear declaration on the part of the grantors, and by acceptance an admission on the part of the grantee, that the land sold by Williams was the 266 acres embraced in the last deed and that the land sued for was not embraced in the assignee's deed. It would be inequitable to allow Rowland, after availing himself of the benefits of the correcting deed, to repudiate it so far as it imposed an obligation upon him and claim the land in controversy by virtue of the deed from Williams to Odom which he virtually abandoned by accepting the deed from Doty and wife.

All persons claiming under Rowland by conveyance subsequent to the deed from Doty and wife to him are bound by the recitals contained in the latter deed and could acquire no right under the deed from Williams, assignee, to Odom to land not embraced in the substitute deed from Doty and wife to Rowland. Hardy v. DeLeon, 5 Texas, 243.

It being determined by the deed as corrected that Williams, assignee, did not sell the land in controversy, it belonged to Mrs. Doty, formerly Ellis, after her first husband's death, and her heirs—the plaintiffs in error—were entitled to recover it in this action. The Court of Civil Appeals erred in reversing the judgment of the District Court and in rendering judgment for the defendants in error. It is therefore ordered that the judgment of the Court of Civil Appeals be reversed, and that the judgment of the District Court be affirmed.

*Judgment of Court of Civil Appeals reversed.*
*Judgment of District Court affirmed.*