## SMITH et al. v. CLARK.   (No. 8568.)*

(Court of Civil Appeals of Texas.   Galveston.
Oct. 23, 1924.   Rehearing Denied
Nov. 13, 1924.)

**1. Trial ⚖══404(5)—Defendants not bound by findings made at their request on trial before jury.**

Under Rev. St. art. 1989, defendants were not bound by findings made at their request, where trial was before jury, since court was not bound to make them.

**2. Homestead ⚖══96—Defendants by going into possession of land acquired by exchange before delivery of deed acquired no homestead rights superior to vendor's lien.**

Where defendants, husband and wife, went into possession of realty acquired in exchange with plaintiff, before delivery to them of deed which reserved vendor's lien for amount of incumbrance on their land, they took subject to such lien, and acquired no title or homestead rights prior to delivery of deed.

**3. Homestead ⚖══96—Wife who joined husband in conveying land to settle suit, and subsequently acted with him in accepting new conveyance, held bound by her acts.**

Where wife joined husband in conveying land in settlement of suit on debt, and thereafter acted with him in accepting new conveyance, she was bound, and could not assert homestead rights superior to rights of plaintiff in such action.

**4. Appeal and error ⚖══173(6)—Fraudulent representations not pleaded not considered on appeal.**

Issue of fraudulent representations not pleaded cannot be considered on appeal.

Appeal from District Court, Matagorda County; M. S. Munson, Judge.

Action by C. E. Clark against S. R. Smith and another. Judgment for plaintiff, and defendants appeal. Affirmed.

W. S. Holman, of Bay City, for appellants. Styles, Krause & Erickson, of Bay City, for appellee.

GRAVES, J. This was a suit by appellee, C. E. Clark, of Nebraska, against appellant S. R. Smith, of Matagorda county, Tex., upon his five vendor lien notes, aggregating in amount $3,428.35, alleged to have been given for part of the purchase price from Clark of certain lands near Blessing in Matagorda county, foreclosure of the vendor's lien being also sought.

Mrs. Eva E. Smith, wife of S. R. Smith, intervened in the cause, and they together, by the use of several different pleadings, which in turn were replied to by appellee, finally stood as a defense, especially in behalf of Mrs. Smith, upon averments to the general effect that the notes sued upon did not constitute any valid lien against the Matagorda county land, because they had been executed by S. R. Smith alone after his wife's homestead interest in that land had attached; and merely represented a loan made by Clark to S. R. Smith as an incident to the exchange between them of the former home of the Smiths in Nebraska for Clark's place at Blessing, Tex.; in short, that they represented an effort to circumvent the laws of Texas against placing a lien on a homestead in security for borrowed money, and could have no such effect. Their contentions more fully appear in what follows:

Trial was had before a jury, and at the close of the evidence the court refused appellants' request for a peremptory instruction in their favor, but, over the protest of appellants, granted a like request from appellee; a verdict in the latter's favor having been duly returned, judgment for him upon the notes against S. R. Smith and for foreclosure of the lien they carried against both appellants followed, and from that decree they appeal.

Although the trial was before a jury, the appellants requested, and the court filed, these findings of fact and conclusions of law:

"In 1914 the defendant S. R. Smith and his wife, the intervener, Eva E. Smith, claimed a certain tract of land in the state of Nebraska, in Red Willow county, which property, consisting of about 50 acres of land, was in the name of Arthur B. Smith, the son of S. R. and Eva E. Smith, and there existed against said land a valid, subsisting lien under the laws of Nebraska, for the sum of $3,528, and that the said son of said Smiths deeded said land to one May Martin of Omaha, Neb., who was the agent of the Occidental Building & Loan Association, who held the said lien against said property, the consideration for said conveyance being the cancellation of said debt

against the land, and the said May Martin executed and delivered to the said Arthur B. Smith, at the same time, an option to buy said land for a sum equaling the amount of the debt, together with interest, said option being for a term of 21 months, and time was recited to be as of the essence of the contract. The plaintiff and the defendant S. R. Smith entered into negotiations whereby the said plaintiff was to purchase said option upon said land, and pay the said Smiths the difference between $3,528, the debt against said land, and $7,000, the agreed purchase price of said land, and in addition thereto was to give to the said Smiths an option of 12 months within which time to sell said lands to somebody, and retain for themselves any sum of money that he might receive for said land, over and above the sum of $7,000, and in the same transaction between said plaintiff and defendant, the defendant agreed to buy from the plaintiff lands in Matagorda county, Tex., described in plaintiff's original petition, at a fixed valuation of $7,000, the sum of $3,472 to be considered as a cash payment, and being the sum of money the said Clark was to pay the said Smith for his equity in the said Nebraska land, and the balance, namely, $3,528, was to be paid by the said S. R. Smith in five equal promissory notes, amounting in all to the sum of $3,528. That in accordance with said agreement, and before the said S. R. Smith went upon and took possession of the lands in Texas, and described in plaintiff's original petition, the plaintiff executed and delivered to the said S. R. Smith a deed to the land in Texas, heretofore described, and said deed recited that the consideration was $7,000, $3,472 being cash, and the balance in notes as above stated, and said notes were signed by the defendant S. R. Smith and delivered to plaintiff, and the deed was signed by C. E. Clark and his wife, and delivered to defendant, and defendant accepted same, and went into possession of the Matagorda county, Tex., land. It was further understood by the parties, Clark and Smith, that, if the said Smith could, within 12 months after the execution of said deed, sell to any one the lands in the state of Nebraska for a sum exceeding the sum of $7,000, then such excess of $7,000 should be applied to the vendor's lien notes above described, executed by the said Smith to the said C. E. Clark, for part payment of the said Matagorda county, Tex., land. Neither the said S. R. Smith nor the said Arthur B. Smith were ever able to sell said land for any sum above $7,000, and long thereafter the plaintiff, Clark, having taken title to said land under the option given by the said May Martin, sold the lands in the state of Nebraska, above described, for the sum of $7,000.

"I further find that under the law of the state of Nebraska it was lawful to mortgage a homestead, provided the husband and wife both signed and executed the mortgage, and I find that the mortgage upon the homestead in Nebraska was executed by both S. R. Smith and his wife, the intervener, Eva E. Smith. I further find that no part of the consideration for the execution of the deed by the plaintiff, C. E. Clark, to the defendant Smith was for money loaned by the said plaintiff, Clark, to the said defendant Smith. I further find that in the said deed from said Clark and wife to said defendant Smith, a vendor's lien was duly retained and reserved to secure the payment of the deferred purchase money, and to enforce a collection of which this suit was brought. I further find that the said notes herein sued upon, and which were executed by said defendant Smith to said plaintiff, Clark, for the deferred purchase money for the conveyance of the property described in plaintiff's petition, were never paid by the said defendant Smith to the plaintiff, Clark.

"Conclusions of Law.

"The court concludes that, as a matter of law, the plaintiff is entitled to a judgment against the defendant S. R. Smith for his debt, including interest and attorney's fees, as well as for foreclosure of his vendor's lien on the premises described in plaintiff's petition against the defendant S. R. Smith and his wife, Eva E. Smith, the intervener defendant.

"The court also concludes that, as a matter of law, even if a part of the consideration recited in the deed from said plaintiff to said defendant S. R. Smith, constituted a loan of money from the said plaintiff to the said defendant, nevertheless the said plaintiff will be entitled to a foreclosure of the vendor's lien against the premises in controversy, for the reason that the consideration expressed in said deed became fixed and secured by a lien upon and against the said premises before and prior to the passing of any title to said premises unto the said defendant; in other words, the said defendant Smith took the title, impressed with the lien reserved in the deed to him, the said Smith.            M. S. Munson,
"Judge Twenty-Third Judicial District."

In this court appellants complain of the refusal of their motion for peremptory instruction and of the giving of that in favor of the appellee, contending that the evidence shows: (1) That the notes sued upon did not represent any part of the purchase price of the Matagorda county land, but only a loan for the amount they aggregated to appellant S. R. Smith from appellee, Clark; (2) that the exchange of the properties was made between the parties on a level basis of $7,000, that is, $7,000 for their equity in the Nebraska 50 acres over and above the $3,528 incumbrance thereon, and $7,000 for the Matagorda lands; and (3) that appellants took possession by agents of the Matagorda lands on January 6, 1915, under the trade for the exchange of properties as they claimed it to be, in which date their homestead rights therein attached, whereas the notes and deed sued on were not severally executed and delivered between S. R. Smith and C. E. Clark (Mrs. Smith having refused to sign the notes at all) until March 17, 1915, 2 months and 11 days later.

[1] Although made at their request, appellants are not concluded by the quoted fact findings, since the trial was before a jury and the court was not required to make them. Revised Statutes, art. 1989. We have therefore independently gone into the evi-

dence as reflected in the statement of facts, with the result that we are unable to agree that appellants' contentions as to what is there shown are borne out; on the contrary it conclusively appears, and we so find, that the trial court's findings reflected the true situation. While they orally testified upon the trial that they understood they were exchanging the Nebraska land on an agreed gross valuation of $9,000 or $10,000, or on a level basis of $7,000 for their equity in it regardless of the $3,528 incumbrance thereon, for the Texas land at $7,000, thereby leaving no purchase money unpaid against the latter, the written contract between them (both Mr. and Mrs. Smith and their son, Arthur, being parties to it) and Clark covering such exchange was in evidence, and showed they had misconstrued it. They nowhere claim that it was either procured through fraud or for other reason was not binding upon them, and under the plain effect of its provisions they agreed to exchange the two properties on an equal valuation of $7,000, and to give vendor's lien notes against the Texas land they were getting for $3,528—offsetting the amount they owed on the Nebraska 50 acres—merely reserving to themselves an option from Clark to resell for him the Nebraska land within 1 year from that date at $9,000, or more if they could, and get a credit for all they so sold it for above $7,000 on the $3,528 vendor's lien notes they had thus agreed to give him on the Texas land. That is all, and the undisputed evidence shows that they never carried out this option, and that, after the expiration of this time limit, Clark himself finally sold the land for $7,000 only. This state of the record, we think, clearly precludes both appellants, and shows that the trial court could not properly have rendered any other judgment than the one entered.

[2] There is no merit in the claim that any homestead rights vested in either of appellants by reason of any alleged possession of the land here involved antedating the execution and delivery of Clark's deed conveying it to S. R. Smith on March 17, 1915, in which the vendor's lien was reserved to secure the debt sued upon. They acquired no title or rights prior to the delivery of that deed, and then took the land subject to the lien. Berry v. Boggess, 62 Tex. 239; Doty v. Barnard, 92 Tex. 104, 47 S. W. 712.

[3] Furthermore, not only had Mrs. Smith, as above indicated, so bound herself by the original contract of exchange, but it is also undisputedly shown that some years later, and after appellee here had in a former proceeding sued her husband upon this same debt, she joined the latter in a deed conveying this land back to appellee in settlement of that suit, and thereafter acted with her husband in accepting appellee's new conveyance of the property to them out of which the present suit grew. There is no claim that these transactions were induced by fraud, and we think appellants were bound by them too.

[4] Further propositions relating in a general way to some alleged fraudulent representations are advanced, but, as the record fails to disclose that appellants properly pleaded these matters below, they are not entitled to raise them here.

These conclusions require an affirmance of the trial court's judgment; that order will be entered.

Affirmed.