**· RATLIFFE et al. v. MEYERS et al.*** 

Circuit Court of Appeals, Fifth Circuit.
May 7, 1928.

No. 5040.

Adverse possession ⬡➡114(1)—Evidence held not to show adverse possession by plaintiffs' lessors of land in which plaintiffs claim oil and mineral rights.

Evidence held, not to show adverse possession in plaintiffs' lessors to land on which plaintiffs claim oil and mineral rights by virtue of lease.

Appeal from the District Court of the United States for the Eastern District of Texas; William I. Grubb, Judge.

·*Rehearing denied June 18, 1928.

Suit by J. E. Ratliffe and others against Joe E. Meyers and others, wherein Fred Pierce and wife intervene. Decree for defendants, and plaintiffs appeal. Affirmed.

W. D. Gordon and L. J. Benckenstein, both of Beaumont, Tex., for appellants.

Will E. Orgain, R. E. Masterson, and Beeman Strong, all of Beaumont, Tex. (Crook, Lefler, Cunningham & Murphy, J. L. C. McFaddin, Howth, Adams & Hart, and Orgain & Carroll, all of Beaumont, Tex., on the brief), for appellees.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. Appellants J. E. Ratliffe, L. Siess, R. D. McMahon, and W. S. Green brought suit against appellees to quiet their title to five acres of land, more or less, in the Humphreys survey, Jefferson county, Tex., on which they claimed the oil and mineral rights by virtue of a lease from Fred Pierce and his wife, Lillie Pierce, and to establish an easement over the lands of appellees by which the said five acres is entirely surrounded. The bill also prayed for an injunction to prevent interference with appellants' drilling on the said land and otherwise developing it. Mr. and Mrs. Pierce intervened to establish title in fee to the said land, claiming adverse possession of 10 and 25 years under the law of Texas. A decree was entered in favor of appellees.

It appears that in 1902 the land in controversy formed part of a large tract owned by W. P. McFaddin and his associates, and on April 17, 1902, they conveyed the surface title to three acres to the Apex Oil Company, describing it by metes and bounds, and with full reservation of the oil and mineral rights. The Apex Company erected a pumping station on the land, with tanks and other paraphernalia, and built a house which was intended to be occupied by its engineer. Fred Pierce was employed by the Apex Company as a laborer, and he and his wife were permitted to occupy the house. The Apex Company failed, and Pierce went to some other oil field in pursuit of his vocation. He was away from home most of the time, and had not been on the place for approximately five years at the time the suit was tried. Mrs. Pierce continued to live on the land, cultivated a small garden patch, and eked out a living in some way by selling garden truck, eggs, and chickens. The land around the three acres was cultivated in rice for a number of years, and a levee was built around the three acres to protect it from the irrigation water. Later on a fence was added to keep hogs and

other stock belonging to Mrs. Pierce from going into the rice fields. The Apex Company conveyed the three acres to the Southwestern Oil & Steamship Company in June, 1902. After that Roy N. Burgess foreclosed a trust deed against the Southwestern Oil & Steamship Company, which authorized the sale of the three acres of land. Burgess appointed M. S. Duffie as his attorney in fact, and Duffie demanded of Mrs. Pierce that she either move or buy the land she was occupying. She agreed to purchase it, and a deed was executed to her by Duffie, describing the land exactly as it was described in the deed to the Apex Company, and also reserving the mineral rights as shown in that deed. Appellees deraign title to the minerals from McFaddin et al.

Fred Pierce did not testify. It is very plain from Mrs. Pierce's testimony in the record that she never claimed and did not occupy any land except the three acres belonging to the Apex Company. She did not mark the corners or run the lines on the ground of the five acres she now claims and such possession as she had was adverse to the Apex Company, which did not include the mineral rights that had been reserved to McFaddin et al. After accepting the deed she continued to reside on the land and returned only three acres for taxation.

The evidence is not sufficient to show adverse possession to the five acres claimed by appellants, and hardly sufficient to show it as to the three acres. We think the title of Mr. and Mrs. Pierce must be limited to the surface rights of the three acres described in the deed. 10 R. C. L. 684, par. 14; Doty v. Barnard, 92 Tex. 104, 47 S. W. 712.

The record presents no error.

Affirmed.