COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



§
JUAN HEREDIA AND                                         No. 08-15-00327-CV
FLOR FLORES,                        §

            Appellants,             §               Appeal from

                                    §               327th District Court
v.
                                    §               of El Paso County, Texas

MICHAEL ZIMPRICH,                   §
                                                    (TC # 2011-344)
            Appellee.               §

## **O P I N I O N**

Juan Heredia and Flor Flores appeal a judgment finding in favor of Michael Zimprich on his trespass to try title claim and establishing the boundary between the parties' adjoining properties. We affirm.

## **FACTUAL SUMMARY**

The dispute in this case is the correct boundary line between a residential property and a commercial property located in Socorro, Texas. Appellee, Michael Zimprich, filed a trespass to try title suit alleging that Appellants, Juan Heredia and Flor Flores[1] (collectively referred to as the Heredias), had built a wall inside of the boundary line on his property, and he sought to have it removed.

Prior to 2006, Antonio Martinez owned an undivided .6042-acre parcel of property known as Tract 5V, Block 27, Socorro Grant. A residence and a commercial building were located on the

---

[1] Flores testified at trial that she now goes by the name Flor Heredia.

undivided parcel located at the corner of Dini Rozi Road and Socorro Road. The commercial property was located at 11685 Socorro Road and the residence behind it is located at 576 Dini Rozi Road.

*The Socorro Road Commercial Property*

In May 2005, Martinez sold a portion of the property with the commercial building on it to Carolina Aleman. In the latter part of 2005, Daniel and Margarita Luevano purchased the note on the Socorro Road commercial property from Martinez. On March 20, 2006, a professional registered land surveyor, Carlos Jiminez, surveyed the property and prepared a plat and description of the Dini Rozi Subdivision. The City of Socorro approved the Dini Rozi Subdivision plat on June 15, 2006, but the plat was not recorded in the real property records. The Subdivision Plat reflects that the previously undivided parcel is divided into two lots, with the Socorro Road commercial property designated Lot 1 and the Dini Rozi residential property designated Lot 2.

In February 2007, Aleman stopped making payments on the note, and the Luevanos accepted a deed in lieu of foreclosure. The Luevanos did not want to own the Socorro commercial property, so Mr. Luevano began looking for an investor to purchase it. Zimprich agreed to purchase the property, but they were unable to close the transaction because the title company required a survey. Mr. Luevano located the Dini Rozi Subdivision plat and took it to the title company, but the title company required that it be recorded. Mr. Luevano subsequently became aware that there was a problem with the metes and bounds, and the title company required that correction deeds be executed.

*The Dini Rozi Residential Property*

On April 26, 2006, Martinez sold the residential portion of the property to Marcella Betts. Betts sold the property to the Heredias on February 6, 2007, and in March 2007, the Heredias constructed a wall between their property and the Socorro commercial property then owned by

Aleman. Mr. Heredia testified that they had a survey done when they bought the property and they built the wall along the boundary line between the properties. The Heredias did not introduce this survey into evidence.

The warranty deed dated February 6, 2007 contained the following description of the Heredias' property:

> A 0.3209 acre portion of Tract SV, more or less, Block 27, SOCORRO GRANT, El Paso County, Texas, being more particularly described by Metes and Bounds as shown In Exhibit 'A' attached hereto and made a part hereof for all purpose [sic] intended.

Exhibit A attached to the warranty deed and referenced therein contained the following description of the property:

> A portion of Tract 5V, Block 27, SOCORRO GRANT, in El Paso County, Texas, according to the resurvey of said SOCORRO GRANT made by El Paso County, Texas, for tax purposes, and being more particularly described by metes and bounds as follow [sic]:
>
> Beginning at a set iron rod at the common boundary line of Tract 5V and Tract 5U, Block 27, also lying on the northerly right-of-way line of Dina [sic] Rozi Drive (50'R.O.W.) and being the POINT OF BEGINNING of the herein described parcel;
>
> THENCE, leaving said northerly right-of-way line and along common boundary line, South 27°07'00", East a distance of 116.71 feet to a point;
>
> THENCE, leaving said common boundary line, South 62°30'00" West, a distance of 120.00 feet to a point;
>
> THENCE, North 25°53'36" West, a distance of 117.54 feet to a point;
>
> THENCE, North 62°53'00" East, a distance of 117.52 feet to the POINT OF BEGINNING of the herein described parcel and containing 0.3209 acres of land, more or less.

Based on this deed, the front property line length is 117.52 feet and the back property line is 120.00 feet. This legal description varies from the Dini Rozi Subdivision Plat because the Plat reflects that the front and back property line lengths are 109.45 feet.

- 3 -

Mr. Heredia testified that in March 2007, he and his wife went to the City of Socorro to apply for the permit to obtain water and gas utilities. The City of Socorro told them that they had to submit a survey and "do a lot split with the City of Socorro" because a lot split had not been recorded. On August 1, 2007, the Heredias signed the Dini Rozi Subdivision Plat thereby agreeing to the plat and its description of the two properties. When Mr. Luevano approached them later and presented the Correction Deed for their signature, the Heredias believed that it was related to the discussion they had in March 2007 with the City of Socorro. Mr. Luevano represented to them that the Correction Deed was for a lot split.

The Correction Deed contains the following description of 576 Dini Rozi:

A 0.3209 acre portion of Tract 5V, more or less, Block 27, SOCORRO GRANT, El Paso County, Texas, being more particularly described by Metes and Bounds as shown In Exhibit 'B' attached hereto and made a part hereof for all purpose [sic] intended.

Exhibit B to the Correction Deed is signed by the surveyor, Carlos Jiminez, and is dated June 5, 2007. It states the following:

METES AND BOUNDS DESCRIPTION
576 Dina [sic] Rozi Drive
Exhibit "B"

FIELD NOTE DESCRIPTION of a parcel of land being a Portion of Tract 5V, Block 27, Socorro Grant, (To be known as Lot 2, Block 1, Dini Rozi Subdivision), El Paso County, Texas and being more particularly described by metes and bounds as follows:

COMMENCING FOR REFERENCE at a found iron rod located at the common boundary line of Tracts 5U and 5V, same being the southerly right-of-way line of Dina [sic] Rozi Drive (50' R.O.W.) and being the POINT OF BEGINNING of the herein described parcel;

THENCE, leaving said southerly right-of-way line and along said common boundary line, South 27°07'00" East, a distance of 116.71 feet to a set iron rod for corner;

THENCE, leaving said common boundary line, South 62°30'00" West, a distance of 109.45 feet to a set iron rod for corner;

THENCE, North 27°07'00" West, a distance of 117.44 feet to a set iron rod for corner;

- 4 -

THENCE, North 62°53'00" East, a distance of 109.45 feet to the POINT OF BEGINNING of the herein described lot and containing 12,813.45 square feet or 0.2941 Acres of land more or less.

The Correction Deed stated on the first page that the land conveyed was .3209 acres, but the size of the lot was actually .2941 acres as a result of the metes and bounds correction. The Correction Deed recites that Marcella Betts and the Heredias signed the Correction Deed before a notary on October 30, 2007. The Heredias testified that they signed the Correction Deed but a notary was not present. When the correction deed was filed among the deed records, it had been notarized by a notary public from New Mexico. Mr. Luevano could not recall how the correction deed came to be notarized.

On January 17, 2008, Zimprich purchased the Socorro commercial property from Luevano. Zimprich made improvements to the property consisting of septic lines on the parcel in dispute. By the same token, the Heredias made improvements on the disputed portion of the parcel for approximately three years before Zimprich filed suit in 2011 alleging a trespass to try title claim and seeking judgment that the Heredias remove the rock wall. The Heredias filed a counterpetition alleging a suit to quiet title and a third party claim against Mr. Luevano for fraud.[2]

After trial began, the Heredias refinanced their home and signed a deed of trust, filed of record under Document No. 201150034302 in the real property records of El Paso County, Texas, containing the same legal description as that contained in the Correction Deed and with the same boundaries as those listed on the Dini Rozi Subdivision Plat. Zimprich asserted in his second amended petition that the Heredias should be estopped from disputing the metes and bounds of their property because they had signed the Dini Rozi Subdivision Plat and the Correction Deed.

---

[2] The Heredias also filed civil conspiracy and fraud claims against Zimprich, but the trial court signed an agreed order granting Zimprich's no evidence motion for summary judgment with respect to these claims. Zimprich's summary judgment evidence included the Heredias' responses to interrogatories establishing that they did not have any evidence that Zimprich had made a material misrepresentation, had engaged in an unlawful act, or had participated in the procurement and filing of the Correction Deed.

The trial court determined that Zimprich is the owner of the parcel in question and the wall constructed by the Heredias is on the Zimprich property. The court ruled in favor of the Heredias on their fraud claim against Mr. Luevano, finding that he committed fraud by failing to inform the Heredias that the Correction Deed was conveying land away from their homestead. In addition to establishing the metes and bounds of the Heredias' property, the trial court ordered Zimprich to pay for the removal and rebuilding of the wall on the correct property line, to pay for costs associated with relocating water, sewer, and electric lines that belong to the Heredias' property, and to reimburse the Heredias for the costs of landscaping completed on the disputed parcel. The court also ordered Mr. Luevano to pay damages to the Heredias in the amount of $11,250.

Zimprich and the Heredias filed notices of appeal from the trial court's judgment, but Mr. Luevano did not appeal. We later granted Zimprich's motion to dismiss his appeal. *See Michael Zimprich v. Juan Heredia and Flor Flores*, No. 08-15-00327-CV, 2016 WL 3387076 (Tex.App.--El Paso June 16, 2016, opn. on motion)(mem. opinion).

### ISSUES BASED ON *MYRAD PROPERTIES* DECISION

In Issues One, Two, Three, Six, and Nine, the Heredias challenge the validity of the Correction Deed they signed (hereinafter referred to as the Heredia Correction Deed). They assert that the Heredia Correction Deed is invalid because there were no facial imperfections in the original warranty deed or in the Heredias' chain of title (Issues One and Six), the Heredias did not agree to the Heredia Correction Deed (Issue Two), there was no mutual mistake which caused a defect or imperfection in the original warranty deed (Issue Three), and a correction deed cannot be used to convey an additional, separate parcel of land not conveyed in the original deed (Issue Nine).

The Heredias' arguments are based on *Myrad Properties, Inc. v. LaSalle Bank National Association*, 300 S.W.3d 746 (Tex. 2009). In *Myrad Properties*, the Supreme Court acknowledged

the longstanding rule that a correction deed could be used "to correct a defective description of a single property when a deed recites inaccurate metes and bounds." *Myrad Properties*, 300 S.W.3d at 750, *citing Doty v. Barnard*, 92 Tex. 104, 47 S.W. 712, 713 (1898). It held, however, that a correction deed could not be used to substantively change an unambiguous conveyance of real property to include an additional parcel of land not described in the original deed, as that would undermine the purpose of record notice. *Myrad Properties*, 300 S.W.3d at 750-51. The Texas Legislature responded to *Myrad Properties* in 2011 by enacting statutes which permit the use of correction deeds under specified circumstances to make both material and nonmaterial corrections to a deed. *See* Act of May 13, 2011, 82nd Leg., R.S., Ch. 194, § 1, 2011 TEX.GEN.LAWS 747, 748 (codified at TEX.PROP.CODE §§ 5.027-.031); *Tanya L. McCabe Trust v. Ranger Energy LLC*, 531 S.W.3d 783, 794 (Tex.App.--Houston [1st Dist.] 2016, pet. denied).[3] This legislation applies to correction instruments filed before September 1, 2011. *See* TEX.PROP.CODE ANN. §5.031 (West 2014).

The trial in this case began well after the legislative modification of the *Myrad Properties* rule, yet the Heredias' brief does not acknowledge the limitation on *Myrad Properties* and they do not state their arguments in terms of the applicable statutory requirements for correction deeds. The first question we must resolve is the scope of our review because the Heredias have not briefed whether the Heredia Correction Deed generally complies with Sections 5.028 and 5.029 of the Property Code. The Texas Rules of Appellate Procedure govern the contents and organization of an appellant's brief. *See* TEX.R.APP.P. 38.1; *ERI Consulting Engineers, Inc. v. Swinnea*, 318 S.W.3d 867, 880 (Tex. 2010). Rule 38.1(i) requires an appellant's brief to concisely state all issues or points presented for review and, among other things, to contain a clear, concise argument for

---

[3] The Legislature enacted additional legislation addressing corrections deeds in 2013. *See* Act of May 8, 2013, 83rd Leg., R.S., Ch. 158, § 3, 2013 TEX.GEN.LAWS 597, 597 (codified at TEX.PROP.CODE § 5.028(a) & (a-1)).

the contentions made, with *appropriate* citations to authorities and to the record. [Emphasis added]. TEX.R.APP.P. 38.1(i). While substantial compliance with the briefing rules is acceptable when determining whether a brief complies with Rule 38.1, the burden remains on the Heredias to assign error and brief the issues they wish to have reviewed on appeal. If we go beyond the issues presented and consider whether the Heredia Correction Deed generally complies with Sections 5.028 and 5.029 of the Property Code, we are effectively making the Heredias' arguments for them. This is contrary to the well-established principle that an appellate court is not permitted to make a party's argument for him. *See Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex.App.--El Paso 2007, no pet.). *Strange v. Continental Casualty Company*, 126 S.W.3d 676, 678 (Tex.App.--Dallas 2004, pet. denied). The danger in undertaking to make a party's argument for him is that the court abandons its role as neutral adjudicator and becomes an advocate for the party. *See Valadez*, 238 S.W.3d at 845. Consequently, we will restrict our review to the precise arguments made by the Heredias.

Under Section 5.028 and 5.029, the parties to the original transaction or the parties' heirs, successors, or assigns, may execute a correction instrument to make both nonmaterial and material corrections to the recorded original instrument of conveyance. *See* TEX.PROP.CODE ANN. § 5.028-5.029 (West 2014). Pertinent to this case, a correction deed may be utilized to add or remove land to a conveyance that correctly conveys other land. TEX.PROP.CODE ANN. § 5.029(a)(1)(C), (a)(2). The statutes pertaining to correction deeds do not limit the use of correction deeds to correct facial imperfections in the original warranty deed or in the chain of title, nor is there a requirement that there be a mutual mistake which caused a defect or imperfection in the original warranty deed. While the Heredias assert that they did not agree to the Correction Deed, the evidence supports the trial court's determination that the Heredias signed the Correction Deed, and they acquiesced to the change in the metes and bounds by signing a Subdivision Plat on August 1, 2007 and a Deed

- 8 -

of Trust in 2015 containing the same metes and bounds of their property as the Heredia Correction Deed.  Accordingly, Issues One, Two, Three, Six, and Nine are overruled.

## SUFFICIENCY OF THE EVIDENCE

In Issue Four, the Heredias assert that the trial court erred by finding that Zimprich met his burden of proof on his trespass to try title action.  The Heredias do not discuss a standard of review nor do they specify whether they are challenging the legal or factual sufficiency of the evidence.  They argue, in effect, that Zimprich offered no evidence to prove that he owned the 10-feet-wide by 120 feet-long strip of property or that he has superior title.  Further, they ask in the prayer that we set aside the trial court's judgment and declare the Heredia Correction Deed to be invalid.  The relief requested is the equivalent of reversal and rendition.  Consequently, we have construed this issue as challenging only the legal sufficiency of the evidence.

### *Standard of Review*

We review the trial court's findings of fact for sufficiency of the evidence by the same standards applied to a jury verdict.  *See Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex. 1996).  The trial court's conclusions of law are reviewed *de novo* to determine their correctness and we will uphold conclusions if the judgment can be sustained on any legal theory supported by the evidence.  *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002).  We will not reverse an erroneous conclusion if the trial court rendered the proper judgment.  *City of Austin v. Whittington*, 384 S.W.3d 766, 779 n.10 (Tex. 2012); *see BMC Software*, 83 S.W.3d at 794.

In conducting a legal sufficiency review, we consider the evidence in the light most favorable to the verdict, indulging every reasonable inference in favor of the verdict.  *Autozone, Inc. v. Reyes,* 272 S.W.3d 588, 592 (Tex. 2008)(per curiam); *City of Keller v. Wilson*, 168 S.W.3d 802, 827-28 (Tex. 2005).  To determine whether legally sufficient evidence supports a challenged finding of fact, we credit evidence that supports the finding if a reasonable fact finder could, and

disregard contrary evidence unless a reasonable fact finder could not. *See City of Keller*, 168 S.W.3d at 822. The fact finder is the sole judge of the credibility of the witnesses and the weight to be assigned to their testimony. *See City of Keller*, 168 S.W.3d at 819. The fact finder is free to believe one witness and disbelieve another, and reviewing courts may not impose their own opinions to the contrary. *Id.* Anything more than a scintilla of evidence is legally sufficient to support the challenged finding. *See Continental Coffee Products Company. v. Cazarez*, 937 S.W.2d 444, 450 (Tex. 1996).

*Trespass to Try Title - Boundary Dispute*

To prevail in a trespass-to-try-title action, a plaintiff must ordinarily (1) prove a regular chain of conveyances from the sovereign, (2) establish superior title out of a common source, (3) prove title by limitations, or (4) prove title by prior possession coupled with proof that possession was not abandoned. *Martin v. Amerman*, 133 S.W.3d 262, 265 (Tex. 2004). A trespass to try title action has strict pleading and proof requirements. *See* TEX.R.CIV.P. 783-798; *Martin*, 133 S.W.3d at 265. The plaintiff must prove that he has superior title to the property. *Lance v. Robinson*, --- S.W.3d ---, 2018 WL 1440476 (Tex. 2018); *Martin*, 133 S.W.3d at 265.

The Heredias assert that Zimprich failed to meet these strict proof requirements because he failed to prove that he has superior title. When the sole dispute between the parties involves a boundary's location, as in this case, the dispute may be tried as a statutory trespass to try title action, but the formal proof requirements are relaxed. *See Martin*, 133 S.W.3d at 265; *Plumb v. Stuessy*, 617 S.W.2d 667, 669 (Tex. 1981).[4] In such a case, a recorded deed is sufficient to show

---

[4] In *Martin*, the Supreme Court held that the boundary dispute could not be resolved by means of an action under the Declaratory Judgments Act because the trespass-to-try-title statute governed the parties' claims. *Martin*, 133 S.W.3d at 267. The Legislature subsequently amended the Declaratory Judgments Act to expressly provide that, notwithstanding Section 22.001 of the Property Code (the trespass-to-try-title statute), a claimant may sue for declaratory relief "when the sole issue concerning title to real property is the determination of the proper boundary line between adjoining properties." TEX.CIV.PRAC.&REM.CODE ANN. § 37.004(c)(West 2015). Consequently, the boundary dispute in this case could have been resolved by means of an action under the Declaratory Judgment Act. Zimprich's second amended petition included a Declaratory Judgment claim, but he proceeded at trial on his trespass-

- 10 -

an interest in the disputed property without having to prove a formal chain of superior title. *Martin*, 133 S.W.3d at 265; *Plumb*, 617 S.W.2d at 669.

To prove the correct legal description and metes and bounds for his property, Zimprich introduced the following recorded documents related to the Socorro commercial property: (1) the deed from the Luevanos to Zimprich, (2) the correction deed from Martinez to Aleman, and (3) the correct deed in lieu of foreclosure from Aleman to Luevano, The recorded documents related to the corrected deed in lieu of foreclosure include a correction affidavit[5] signed by Vanessa Parga, an escrow officer with Sierra Title, which states the following:

> In connection with the following described property, the undersigned hereby certifies and affirms that the Deed in Lieu of Foreclosure dated February 19, 2007, recorded in El Paso County, County Clerk's File No. 20070016009, Real Property Records of El Paso County, Texas between Daniel Luevano, Grantor, and Carolina Aleman, Grantee, contained an incomplete Legal description due to a schrivener's [sic] error. The legal description for the subdivision did not include the correct Exhibit 'A'.

> The sole purpose of this filing is to complete the legal description by having a corrected Deed in Lieu of Foreclosure accepted by the El Paso County Clerk's office and recorded.

Parga executed the correction affidavit on October 26, 2007 but its effective date was February 19, 2007.

Zimprich also introduced the following recorded documents to establish the correct legal description and metes and bounds for the Heredia property: (1) the correction deed from Martinez to Betts, (2) the correction deed from Betts to the Heredias, (3) the Dini Rozi Subdivision Plat

---

to-try-title claim.

[5] The Property Code permits a person having personal knowledge of facts relevant to the correction of a recorded original instrument of conveyance to prepare or execute a correction instrument to make a nonmaterial change that results from an inadvertent error, including the addition, correction, or clarification of a legal description correction prepared in connection with the preparation of the original instrument but inadvertently omitted from the original instrument. *See* TEX.PROP.CODE ANN. § 5.028(a-1)(1).

completed in 2006[6] and signed by the Heredias on August 1, 2007, and (4) the Deed of Trust signed by the Heredias and filed of record under Document No. 20150035302 in the Real Property Records of El Paso County, Texas containing the same legal description as the Heredia Correction Deed and with the same boundaries listed on the Subdivision Plat. The foregoing evidence is legally sufficient to establish Zimprich's interest in the disputed parcel and to establish the correct location of the boundary line between the adjoining properties as determined by the trial court in its judgment. Issue Four is overruled.

## REMEDY FOR FRAUD

In Issue Five, the Heredias contend that the trial court erred by failing to declare the Heredia Correction Deed void because that is the proper remedy on their fraud claim against Luevano. The Heredias do not cite any relevant authority to support their assertion that the proper remedy on their fraud claim is a declaration that the Heredia Correction Deed is void.

The Heredias' amended counter-petition included claims for common law fraud and fraud by nondisclosure against Luevano. The pleadings also included a suit to quiet title. In their prayer, the Heredias requested that the court declare the Correction Deed void and award them attorney's fees. While the trial court found in favor of the Heredias on their fraud claim against Mr. Luevano and awarded them money damages,[7] the court found against them on their suit to quiet title and ruled in favor of Zimprich on his trespass to try title claim. The court determined that the Heredia Correction Deed is valid because the Heredias signed a Subdivision Plat on August 1, 2007 and a

---

[6] The Heredias argue in their brief that the Dini Rozi Subdivision Plat did not exist until after they bought their property. This assertion is contradicted by the evidence and the trial court's findings of fact. While the Subdivision Plat was not recorded until 2007, there is evidence that the plat was completed on March 20, 2006, and the City of Socorro approved the plat on June 15, 2006.

[7] In his closing argument, the Heredias' trial counsel asked that the court award the Heredias damages on the fraud claim because they had been required to expend $11,250 in attorney's fees to defend against Zimprich's suit, and the trial court awarded damages against Mr. Luevano in that amount.

Deed of Trust in 2015 containing the same metes and bounds of their property as the Correction Deed.

Deeds obtained by fraud are voidable rather than void, and remain effective until set aside. *Nobles v. Marcus*, 533 S.W.2d 923, 926 (Tex. 1976). Section 5.030 of the Property Code provides that a correction instrument that complies with Section 5.028 or 5.029 is: (1) effective as of the effective date of the recorded original conveyance, (2) prima facie evidence of the facts stated in the correction instrument, (3) presumed to be true, (4) subject to rebuttal, and (5) notice to a subsequent buyer of the facts stated in the correction instrument. TEX.PROP.CODE ANN. § 5.030.

An action to cancel a deed procured by fraud and vest title to the realty in the grantor is a suit to quiet title. *See Byrd v. Guyler*, 310 S.W.2d 747, 749 (Tex.Civ.App.--San Antonio 1958, writ dism'd). The purpose of a traditional suit to quiet title is to remove a cloud from the title created by an invalid claim. *Teon Mgmt., LLC v. Turquoise Bay Corp.*, 357 S.W.3d 719, 726-27 (Tex.App.--Eastland 2011, pet. denied). The elements of a suit to quiet title are (1) the plaintiff has an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the defendant's claim, though facially valid, is invalid or unenforceable. *Montenegro v. Ocwen Loan Servicing, LLC*, 419 S.W.3d 561, 572 (Tex.App.--Amarillo 2013, pet. denied), *citing Vernon v. Perrien*, 390 S.W.3d 47, 61 (Tex.App.--El Paso 2012, pet. denied). The Heredias would have been entitled to have the Correction Deed cancelled or voided if they had prevailed on their suit to quiet title.

In its judgment, the trial court effectively ruled against the Heredias on their suit to quiet title because the court found in favor of Zimprich on his trespass to try title claim. The Heredias' brief does not include an issue challenging the legal sufficiency of the evidence supporting the trial court's adverse finding on this claim. *See Sterner v. Marathon Oil Company,* 767 S.W.2d 686, 690 (Tex. 1989)(when attacking the legal sufficiency of the evidence to support an adverse finding

- 13 -

on an issue for which he had the burden of proof, i.e., challenging the trial court's finding as a matter of law, the appellant must demonstrate on appeal that the evidence conclusively established all the vital facts in support of the issue); *In re Estate of Livingston,* 999 S.W.2d 874, 879 (Tex.App.--El Paso 1999, no pet.).  Because the trial court determined that Zimprich's claim to the disputed property is valid, the Heredias failed to prove that Zimprich's claim is invalid or unforceable.  Conesquently, the Heredias failed to establish an essential element of their suit to quiet title, and they were not entitled to have the Correction Deed cancelled or declared void.  Issue Five is overruled.

## DINI ROZI SUBDIVISION PLAT

In Issue Seven, the Heredias complain that the trial court erred by impliedly finding that the disputed parcel of land could be conveyed by the Dini Rozi Subdivision Plat.  The trial court did not make an express or implied finding that the Dini Rozi Subdivision Plat conveyed the disputed property.  Zimprich relied on the Dini Rozi Subdivision Plat to establish the correct boundary between the adjoining properties.  The trial court found that the Heredias signed the Subdivision Plat on August 1, 2007 indicating their agreement to it, and they also signed a Deed of Trust in 2015 containing the same metes and bounds of their property as the Correction Deed.  Issue Seven is overruled.

## "BLANK" CORRECTION DEED

In Issue Eight, the Heredias argue that the Correction Deed is invalid because it was "blank" when they signed it.  We understand the Heredias to argue that they signed the Correction Deed in August 2007 and Betts did not sign it until October 2007.  In order to preserve an issue for appellate review, the complaining party must make a timely and specific request, motion, or objection in the trial court, and obtain an adverse ruling.  *See* TEX.R.APP.P. 33.1.  The Heredias did not allege in their pleadings or argue in the trial court that the Correction Deed is invalid

- 14 -

because it had not been signed by Betts before they signed it, and the trial court was never given the opportunity to consider this argument as a ground for invalidating the Correction Deed. Because the Heredias failed to preserve this argument, we overrule Issue Eight. Having overruled Issues One through Nine, we affirm the judgment of the trial court.

August 14, 2018

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rodriguez, and Palafox, JJ.
Palafox, J., dissenting