

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-17-00146-CV

———————————————————

CHARLES J. BAISH, Appellant

V.

LISA DESIREE ALLEN, Appellee

On Appeal from the 442nd District Court
Denton County, Texas
Trial Court No. 16-01896-442

Before Sudderth, C.J.; Kerr and Pittman, JJ.
Memorandum Opinion by Justice Pittman

# MEMORANDUM OPINION

After a bench trial, the trial court signed a decree divorcing Charles J. Baish and Lisa D. Allen and allocating their various assets and debts between them. Although Baish was represented by counsel below, he brings this appeal pro se. We affirm.

## BRIEFING BACKGROUND

Baish filed his first 78-page brief and a 1,203-page appendix on January 18, 2018. On the same date by clerk's letter, we instructed Baish to file an amended brief because his original brief did not comply with various appellate rules.

On January 29, Baish filed an amended 50-page brief with an additional 455-page appendix. Perhaps the best way to describe his brief is as an attempt to try his case de novo before our court. Baish's amended brief relies extensively on a new evidentiary record that he incorporated into his appendix.

Allen's appellee's brief recognized the numerous briefing irregularities in Baish's brief and, based on those deficiencies, argued that he had waived his complaints. And in any event, Allen asserted that Baish had preserved none of the alleged errors.

In response, Baish attempted to file a reply brief in which he described his briefing infractions as minor.[1] He made no attempt to correct any of them.

## STANDARD OF REVIEW

We are to construe briefs liberally. *See* Tex. R. App. P. 38.9. For flagrant formal defects, however, we have the authority to strike a brief and proceed as if no brief had been filed. *See id.* For substantive defects, we may make "any . . . order necessary for a satisfactory submission of the case." *See id.*

Pro se litigants are held to the same standards as licensed attorneys and must comply with applicable laws and procedural rules. *Strange v. Cont'l Cas. Co.*, 126 S.W.3d 676, 677 (Tex. App.—Dallas 2004, pet. denied); *Flores v. Office Depot, Inc.*, No. 02-10-00311-CV, 2011 WL 2611140, at *2 (Tex. App.—Fort Worth June 30, 2011, no pet.) (mem. op.). On appeal, they must properly present their cases. *Strange*, 126 S.W.3d at 678; *Flores*, 2011 WL 2611140, at *2.

## DISCUSSION

For the reasons given below, we hold that Baish has waived his complaints and that he has not shown that he has preserved any of his complaints for review.

---

[1]Baish tendered a late reply brief on August 15, 2018, and the next day we instructed him to file a motion for leave by August 26. But by September 13, Baish still had not filed the required motion, so we informed him that we were returning his brief unfiled. We nevertheless maintained an electronic copy of it for record purposes.

## I.   Baish presents no issues or points for review.

The Texas Rules of Appellate Procedure require a concise statement of all issues or points. *See* Tex. R. App. P. 38.1(f).   Here, we have a 50-page brief without any discrete issues or points to rule on.

Baish's failure to identify specific issues or points was not one of the defects that our January 18, 2018 clerk's letter identified, but in her appellee's brief, Allen complained specifically about Baish's failure to identify issues or points.

As noted earlier, Baish's brief looks more like an attempt to try his case de novo before us, and this may explain the absence of issues or points attacking the trial-court proceedings.   In any event, the burden of identifying his issues or points is his, not ours. *See id.*; *Heredia v. Zimprich*, 559 S.W.3d 223, 229 (Tex. App.—El Paso 2018, no pet.) ("While substantial compliance with the briefing rules is acceptable when determining whether a brief complies with Rule 38.1, the burden remains on the [appellants] to assign error and brief the issues they wish to have reviewed on appeal.").   Identifying and determining the number of issues Baish is presenting puts us in the precarious position of possibly over-advocating or under-advocating on his behalf when, as a neutral adjudicator, we should not be advocating for any party at all. *See Heredia*, 559 S.W.3d at 229; *Canton-Carter v. Baylor Coll. of Med.*, 271 S.W.3d 928, 931 (Tex. App.—Houston [14th Dist.] 2008, no pet.) ("It would be inappropriate for this court to speculate as to what appellant may have intended to raise as an error by the

4

trial court on appeal."). Indeed, "[w]e are mindful of the difficulties that pro se litigants face. However, we may not make [Baish's] arguments for him . . . ." *Thiessen v. Fid. Bank*, No. 02-17-00321-CV, 2018 WL 5993316, at *1, 3 (Tex. App.—Fort Worth Nov. 15, 2018, no pet. h.); *see also Yeldell v. Denton Cent. Appraisal Dist.*, No. 02-07-00313-CV, 2008 WL 4053014, at *2 (Tex. App.—Fort Worth Aug. 29, 2008, pet. denied) (mem. op.) (noting that the appellant's brief was "so inadequate that we would have to make her legal arguments for her" and that pro se litigants are held to the same standards as licensed attorneys); *cf. Boswell v. Hon. Governor of Tex.*, 138 F. Supp. 2d 782, 785 (N.D. Tex. 2000) ("Even *pro se* litigants . . . must abide by the . . . Rules of Civil Procedure.").

## II. Baish presents but one record reference.

Next, Baish's brief makes only one citation to the record, and that one citation is for the proposition that Allen admitted blindsiding him when telling him that she wanted a divorce. This too is consistent with our perception that Baish is not attempting to have us review the proceeding below but is attempting to present his case to us de novo.

When setting out the "Statement of the Case," when presenting the "Statement of Facts," and when supporting issues or points in the "Argument" portion of the brief, citations to the record are required under the rules. *See* Tex. R. App. P. 38.1(d), (g), (i). Baish's sole citation to the record appears in his "Summary of the Argument."

5

*See id.* 38.1(h). The rules do not specifically require record references for a brief's summary-of-the-argument section. *See id.*

The appellant has the burden of directing the court to the evidence in the record supporting its contentions. *See Cottledge v. Roberson*, No. 05-12-00720-CV, 2013 WL 1456653, at *1 (Tex. App.—Dallas Apr. 9, 2013, no pet.) (mem. op.). We have no duty to independently review the record to determine if a complained-of error occurred. *See Flores*, 2011 WL 2611140, at *2; *Pitsenbarger v. Cytec Inds., Inc.*, No. 14-10-00474-CV, 2011 WL 1312274, at *2 (Tex. App.—Houston [14th Dist.] Apr. 7, 2011, no pet.) (mem. op.); *Canton-Carter*, 271 S.W.3d at 931–32; *Hall v. Stephenson*, 919 S.W.2d 454, 466–67 (Tex. App.—Fort Worth 1996, writ denied).

Our January 18, 2018 clerk's letter did not specifically fault Baish for not citing to the record. But Baish's failure to make more than one citation to the record was something Allen complained about in her appellee's brief.

## III. Baish relies on numerous appendix documents that are not part of the appellate record.

Complicating the matter further, Baish's amended brief includes 455 pages of attachments. Baish's attachments exceed the combined page count of the Clerk's Record (140 pages) and the exhibits volume of the Reporter's Record (262 pages). This raises the concern that Baish is using the appendix to improperly expand the appellate record.

6

Admittedly, the rules require an appendix containing some attachments while making others optional. *See* Tex. R. App. P. 38.1(k)(1), (2). But an appellant may not attach documents to his brief that are not part of the record. *See Florence v. Davenport*, No. 02-16-00109-CV, 2016 WL 7010930, at *2 (Tex. App.—Fort Worth Dec. 1, 2016, pet. denied) (mem. op.).

A cursory review of Baish's 455-page appendix shows that he has attached at least twenty-seven exhibits to his brief that were not admitted into evidence at trial or made part of an offer of proof or a bill of exceptions. And within his brief, Baish relies on these documents extensively. We may not consider them. *See id.*

**IV.    Baish has not shown that he had preserved his complaints for appellate review.**

Underscoring the need for citations to the record, Baish asserts that the trial court improperly excluded evidence. But without record references, Baish has not shown where, how, or even if he preserved his complaints for appellate review. *See* Tex. R. App. P. 33.1.

In her appellee's brief, Allen attacked Baish's failure to preserve error. It is axiomatic that this court cannot consider complaints on appeal that have not been preserved for our review. *See Thiessen*, 2018 WL 5993316, at *1, 3; *see also* Tex. R. App. P. 33.1(a).

7

## V. Baish does not challenge the trial court's findings of facts and conclusions of law.

Finally, the trial court signed findings of fact and conclusions of law. Nowhere in Baish's brief does he specifically attack any of the trial court's findings or conclusions.

When an appellant does not challenge a trial court's findings, they are binding on appeal. *See Walnut Equip. Leasing Co. v. J–V Dirt & Loam, a Div. of J–V Marble Mfg., Inc.*, 907 S.W.2d 912, 917 (Tex. App.—Austin 1995, writ denied); *Des Champ v. Featherston*, 886 S.W.2d 536, 541 (Tex. App.—Austin 1994, no writ).

Assuming we attempted to address Baish's complaints on their merits, the above rule would have far-reaching negative implications for Baish. In one finding—citing nine instances of Baish's conduct while the divorce proceedings were pending—the trial court questioned Baish's "credibility and veracity." Unless (1) the contrary is established as a matter of law or (2) no evidence supports it, we would be bound by this unchallenged finding. *See Thomas v. Casale*, 924 S.W.2d 433, 437 (Tex. App.—Fort Worth 1996, writ denied).

## VI. We decline to allow additional briefing.

Because (1) we have already instructed Baish to file an amended brief, (2) Baish has already filed an amended brief, (3) Allen had pointed out Baish's numerous briefing deficiencies, and (4) even if we had filed Baish's reply brief, he made no effort

8

to correct the briefing irregularities in it, we decline to allow additional briefing. *See* Tex. R. App. P. 38.7, 38.9.

**VII.   We hold that Baish has waived his complaints.**

Inadequately briefed issues may be waived. *Flores*, 2011 WL 2611140, at *2 (citing *Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994)); *Yeldell*, 2008 WL 4053014, at *3. For all the above reasons, we hold that Baish's complaints are inadequately briefed and thus that he has waived them. *See Flores*, 2011 WL 2611140, at *2; *Pitsenbarger*, 2011 WL 1312274, at *2.

<u>CONCLUSION</u>

We affirm the trial court's judgment.

/s/ Mark T. Pittman
Mark T. Pittman
Justice

Delivered:  March 21, 2019

9